Neff and another vs. The Wolf River Boom Co.

NEFF and another vs. THE WOLF RIVER BOOM COMPANY.

*December 3 — December 17, 1880.*

CORPORATION: NUISANCE. *Liability of "reorganized" company, after foreclosure sale of franchises, etc.*

The defendant boom company, organized (under ch. 115 of 1872; R. S., secs. 1788–9) by the persons who purchased the property and franchises of the company first organized under ch. 101, P. & L. Laws of 1857, and acts amendatory thereof, is not liable for injuries to plaintiff's boat caused by an obstruction which was placed in Wolf river by such former company, but of whose existence defendant had no notice.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for an injury to plaintiff's boat, caused by obstructions alleged to have been kept and maintained in Wolf river by the defendant. In addition to the claim for damages, the complaint contains a prayer for general relief. The defendant answered, denying that it has kept or maintained the obstructions described in the complaint.

By chapter 101, P. & L. Laws of 1857, a corporation was created by the name of the Wolf River Boom Company. Chapter 101 was subsequently amended by chapter 190, P. & L. Laws of 1865; chapter 469, P. & L. Laws of 1868; and chapter 34, P. & L. Laws of 1870. These acts conferred upon the corporation power to construct and maintain booms for the storage of logs within certain prescribed limits in Wolf river, to make and maintain cut-offs and other improvements necessary to carrying on its business (not interfering, however, with the free navigation of the river), to collect tolls, etc. The testimony tends to show that this corporation drove three piles in a cluster near the river bank, and near the entrance to a cut-off. They were probably driven there soon after the creation of the corporation. The ends of these piles projected above the water, and were used to hold a boom constructed to turn logs into the old channel. Several years before 1872, the ends of these piles rotted or were broken off,

so that they were not visible except in a low stage of water. After they were so broken it does not appear that any use was made of them.

In 1870 the corporation was adjudged a bankrupt by due proceedings in the district court of the United States; and in 1871 all its property, rights, franchises, etc., were duly sold and conveyed by the assignee in bankruptcy to one Jenkins. After the enactment of chapter 115, Laws of 1872, a corporation was organized pursuant to that act by such purchaser, and others who had become interested with him in the property, under the name of the *Wolf River Boom Company;* and the rights, franchises and property which the assignee in bankruptcy conveyed to Jenkins, became vested in such corporation. Such last-mentioned corporation is the defendant in this action. It does not appear that the defendant corporation ever made any use of these sunken piles, or that it was ever notified to remove them, or that it is chargeable with notice that they were there. The plaintiff's boat ran upon them, and was injured, in April, 1877.

The circuit judge held that the defendant corporation is a continuation of the old boom company, under a new organization, and is responsible for all obstructions placed in the river by the old company, as a part of the system of works maintained by the new company. Whether the piles were an obstruction to navigation, and whether they were placed there and maintained by the old company as part of its system of works, were the only questions of fact submitted to the jury. The plaintiffs recovered, and judgment was entered in their favor for the damages stipulated by the parties. The defendant appealed.

*Moses Hooper*, for the appellant.

For the respondents there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

LYON, J. This case turns upon the interpretation of chapter

115 of 1872 (R. S., 521, secs. 1788–9), under which the defendant
corporation was organized.  The first section is as follows:
" Any person, company or association which shall have or may
become the owner or assignee of the rights, powers, privileges
and franchises of any company, association or corporation cre-
ated or organized by or under the laws of this state, by pur-
chase or sale under a mortgage sale, or on any bankrupt sale,
or on any sale in any bankrupt proceedings, or on any sale
under any judgment, order, decree or proceedings of any court
in this state, including the United States courts, shall be enti-
tled, and may at any time, within two years after such pur-
chase, reörganize under the charter or act of incorporation or
law under which such company or association was created or
organized, and shall have the same rights, powers, privileges
and franchises such company, association or corporation had or
were entitled to at the time of such purchase or sale."    The
learned circuit judge held substantially that the corporation
organized under the act is a continuation of the old corporation,
and is liable in this action if the old corporation would have
been liable had it 'continued to exist without any new organi-
zation.   We are unable to adopt these views.   The statute
expressly confers upon the new organization the rights, powers,
privileges and franchises of the old company, but is signifi-
cantly silent on the subject of the liabilities of such company.
We find nothing in the act which furnishes any ground for the
proposition that the new company has succeeded to the liabil-
ities of the old, unless it is the provision that the purchasers
of the franchise may reorganize under the charter of the orig-
inal company.   But we think all this provision means is, that
the new corporation may use the machinery of the original
charter to perfect its organization.   This view seems to be
strengthened by the title of the act, which is, " An act to pro-
vide for the organization of corporate companies in certain
cases "— not reorganization; and by the further fact that the
organization under the act is denominated in the second sec-

tion as "such new company" and "the new organization or company."

If the learned circuit judge interpreted the statute correctly, we cannot see why the defendant corporation is not liable for the debts of the old company, if it is indebted. If its liability goes to that extent, the act would be inoperative and useless in most cases; for no purchasers of the assets of an insolvent corporation would take the risk of organizing under the act, when to do so would make them liable for the debts of the old corporation. We think the purpose of the act was to secure to purchasers at judicial sales the right to use and enjoy the franchises which had been conveyed to them in form, and thus to remove any doubt as to whether the right to a franchise can be sold and conveyed under a judgment or decree; and we are further of the opinion that had the legislature intended that, with the franchise, the new company should take the liabilities of the old, it would have said so in unmistakable language. We cannot believe that the existence of so important an obligation would be left to rest upon doubtful and unsatisfactory inference. It necessarily follows from the view we have taken of the statute, that, at most, the liability of the defendant is that of one who maintains a nuisance erected or created by another. We are cognizant of no rule of law which holds the defendant chargeable for the damages occasioned by the piles in question until it had notice of their existence. Without such notice (the defendant never having made any use of the piles), it cannot be said correctly that it has kept and maintained the nuisance placed in the river by the old boom company.

Probably the case is not within the rule of *Slight v. Gutzlaff*, 35 Wis., 675. In that case the nuisance complained of was not of a nature essentially unlawful, and it was held that the grantee of him who erected the structure, the use of which caused the nuisance, is not liable to an action for it until after notice to reform or abate it. In this case the piles obstruct

the free navigation of the river, and the nuisance created thereby is essentially unlawful.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.