## Executive Chamber.

*November*, 1889.

## MATTER OF HOPE.

### EXTRADITION.

A person who has been convicted of crime, and who has escaped before serving out his sentence, is a person " *charged* in any State with treason, felony, or other crime" within the constitutional provision (U. S. Const. art. IV. § 2, subd. 2), relating to interstate extradition, requiring such persons who shall flee from justice, and be found in another State to be delivered up, to be removed to the State having jurisdiction of the crime.

Where a person has been extradited from another State to this State to answer a charge of crime against him, and has then served out a term of imprisonment here, upon his release he cannot be extradited to a third State to serve out an unexpired term of imprisonment in that State. He has in such case the right to a reasonable time to return, if he so chooses, to the State from which he was extradited.

Application to Governor David B. Hill by James Hope, petitioner, to revoke a warrant issued preliminary to the extradition of prisoner.

The facts appear in the opinion of the Governor.

*Charles W. Brooke*, for petitioner.

DAVID B. HILL, Governor.—The Governor of Delaware has issued a requisition upon me for the return to that State of the prisoner, James Hope. The papers accompanying the requisition consist of a copy of an indictment against Hope for burglary, and a record of conviction thereunder in Delaware, showing his sentence for ten years, and proof by affidavit that he escaped from jail with over nine years of

such sentence unserved. His return to that State is demanded for the purpose of compelling him to serve out the remainder of his unexpired sentence.

The requisition was honored by me *pro-forma* and the prisoner arrested, and now, after a full hearing has been had, the question arises whether the warrant should not be revoked.

Mr. Charles W. Brooke, the prisoner's counsel, insists that the requisition should be revoked, upon the ground that there is no authority under the Constitution and the laws for the extradition of an escaped *convicted* prisoner. He argues that a person can only be returned to another State to answer a charge made against him, upon which no conviction has yet been had. The broad ground is taken that there is no legal remedy whatever provided to secure his return, where a convicted felon escapes from one State into another.

If this be true, it is new doctrine indeed, and discloses a lamentable defect in our criminal laws.

The constitutional provision relating to interstate extradition declares that "A person *charged* in any State with treason, felony, or other crime, who shall flee from justice and be found in another State shall . . . be delivered up, to be removed to the State having jurisdiction of the crime." It is seriously urged that a person cannot be deemed to be " charged " with a crime when he has already been convicted of such crime. It seems to be claimed that the " charge " no longer exists, because it is deemed merged in the conviction. It is also urged that the law writers have laid it down in the books that the declared object of an extradition is the removal of the person charged with crime for the purpose of his being subsequently tried upon the charge presented against him, and that extradition cannot be invoked for any other purpose. This is *ordinarily* so, and correctly states the *general* rule. These expressions to be found in the books, however, have reference, not to exceptional instances, but to the usual class of cases where offenders

have fled from one State to another prior to apprehension or conviction. Such flights are common, while escapes after conviction are rare. It is clear that in enunciating a general proposition there was no intention of excluding or exempting convicted escaped persons from liability to extradition.

No narrow or strained construction should be placed upon the word "charged" as used in the Constitution and in the Federal statute. It is broad enough to include all classes of persons duly accused of crime. A person can be said to be "charged" with crime as well after his conviction as before. The conviction simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a "charge" within the true intent and meaning of the Constitution. An indictment or affidavit merely *presents* the charge, while a conviction *proves* it. To warrant extradition the statute requires an indictment or affidavit charging a crime, but if, in addition thereto, there is also presented a record of conviction, the case is not weakened but rather strengthened.

The public purpose to be effected by extradition must be taken into consideration in determining this question. Its object is to prevent the successful escape of *all* persons accused of crime, whether convicted or unconvicted, and to secure their return to the State from whence they fled, for the purpose of punishment. It is invoked to aid the administration of criminal justice and to more certainly insure the punishment of the guilty. The construction contended for by the prisoner's counsel would defeat the ends of justice in many instances, and it is conceded that there is no express decision favoring it. It has been usual to grant extradition in similar cases. The case of Carter (decided by me on July 10, 1885) was just such a case, although this precise point was not then raised. In Dolan's case, 101 *Mass.* 219, and in Hallan *v.* Hopkins, 21 *Kans.* 638, the prisoners were returned by extradition to other States to serve out unexpired sentences, and no such question seems to have been raised as to the legality of the proceedings.

This first point raised by the prisoner's counsel seems altogether too technical and I am constrained to overrule it.

The next question presented is not without merit.

It was shown upon the hearing before me that Hope did not voluntarily come into this State, but was brought here in 1887, from the State of California, on a requisition from the Governor of this State to answer a charge of crime made against him, and that since then he has been incarcerated in Auburn Prison ; and it appears that upon his term of imprisonment expiring, he has been arrested under or by virtue of the requisition in question from the Governor of Delaware. It is conceded that such arrest was made before a reasonable time and opportunity had been given him, after his release from Auburn, to return to California, where he claims he desired and intended to go.

This state of facts presents an interesting question upon which there have been conflicting decisions for many years,

Upon principle, I think it is clear that where a prisoner is brought into this State from another State or country upon extradition proceedings, he cannot properly be tried upon any other charge than that mentioned in the requisition, and that upon his acquittal, or if convicted, then upon the expiration of his imprisonment, he is entitled to a reasonable time in which to return to the other State or country from which he was thus forcibly taken, before he can be again arrested.

The recent decision of the Supreme Court of the United States (United States v. Rauscher, 119 U. S. 407–429), must be deemed to settle this question in accordance with the doctrine above stated. Although in that case the prisoner was brought from a foreign country, the decision is applicable to this case, because in principle there is no practical difference between the case of a fugitive brought from a neighboring State under the Constitution and laws of the United States and one brought from a foreign country under the provisions of its treaties.

In the Rauscher case, above cited, all the conflicting

authorities in both the Federal and State courts are reviewed and considered in the able opinion of the court by Mr. Justice Miller, and the principle here contended for is expressly approved. This being the decision of the highest court in the land upon a question which must be regarded as essentially Federal in its character, it should be respected and followed, not only by all Federal courts, but by all State courts as well. The cases which have held heretofore, either expressly or impliedly, a contrary doctrine—and there are many (Adriance *v.* Lagrave, 59 *N. Y.* 110; United States *v.* Lawrence, 13 *Blatchf.* 295; Hackney *v.* Welsh, 107 *Ind.* 253; Williams *v.* Bacon, 10 *Wend.* 636);—should no longer be regarded as good authority upon this particular question. This is the view taken in the recent cases of State *v.* Hall, 40 *Kans.* 338; 10 *Am. St. Rep.* 200, and in Matter of Reinitz, 7 *N. Y. Crim. Rep.* 74; 39 *Fed. Rep.* 204; 23 *Abb. N. C.* 69, in each of which the Rauscher case is followed. It is believed that the decision in the Rauscher case will be cheerfully acquiesced in by the courts and officials of all the States, not solely because it is the interpretation of the law from our highest court, but also because it will be found upon reflection to be entirely correct in principle. It is in harmony with the views expressed by the best text-writers upon extradition. It is in accordance with common sense. It will render extradition proceedings entirely consistent, and prevent unseemly conflicts of jurisdiction.

The true theory, which now seems to be firmly established, is that a State should not be allowed to obtain jurisdiction of a fugitive from justice, and then to take advantage of that jurisdiction thus obtained, and use it for another and a different purpose; that a fugitive surrendered on one charge is exempt from prosecution on any other; that he is within the State by compulsion of law upon a single accusation, and has a right to have that disposed of, and then to depart in peace; and that if, after his release, he remains in the State, beyond a reasonable time, he then can be arrested, but not otherwise.

It follows from what has been here stated that the arrest in this case was premature, and that the warrant heretofore issued should be revoked.

## NOTE ON EXTRADITION.

All the cases upon extradition, down to 1884, will be found in the second edition of *Spear on Extradition.* The doctrine laid down by that author (in his preface) is that "extradition, whether international or interstate, except where otherwise expressly provided, secures only a limited and special jurisdiction of the party extradited, and that the custody thus obtained should be confined to the particular purpose for which it was asked on the one hand, and granted on the other."

Chapter 10 of that work contains a complete discussion of the case of Adriance *v.* Lagrave, 59 *N. Y.* 110, and Mr. Spear's view of that decision of the Court of Appeals is the same as the Supreme Court of the United States in United States *v.* Rauscher, 119 *U. S.* 407, and by Governor Hill in the opinion of the present case.

The object of the present note is to give all cases of any importance from 1884 down to the present time.

**Who are Fugitives from Justice.**—To be a fugitive from justice within the meaning of the Federal Extradition Act, one need not have left the State for the purpose of avoiding prosecution, so long as he has, in fact, left the State. State *v.* Richter, 37 *Minn.* 436; Roberts *v.* Reilly, 116 *U. S.* 180; *Ex parte* Brown, 36 *Fed. Rep.* 653. And one may be a fugitive when found outside of the jurisdiction of the State in which it is charged that he has committed a crime, even if he be a citizen of the State in which he is found. Matter of Keller, U. S. Dist. Ct. D. Minn., 36 *Fed. Rep.* 681.

When the governor of a State, in his warrant for extradition, states or certifies that a party is a fugitive from justice, it raises a *prima facie* case, which must be overthrown by the petitioner when he makes that issue before a court on *habeas corpus.* Matter of Keller, *supra.*

The extradition will not be ordered of a person who was not actually present in the State where he is alleged to have committed the crime at the time of the commission thereof, and who has not actually fled from the justice of that State, and who is not found as a fugitive in this State. Such presence of the accused party in the demanding State at the time of the commission of the alleged offence is a jurisdictional fact which must be proved when extradition is demanded. Matter of Mitchell, 4 *N. Y. Crim. Rep.* 596.

**For what Crimes Extradition will be Granted.**—Under the treaty between this country and Mexico, a person may be extradited to Mexico for the crime of forgery of an instrument, which is made an offense by the Mexican laws, he having been held in Mexico for the offense. Benson *v*. McMahon, 127 *U. S.* 457.

Under the treaties of 1852 between the United States and Prussia, and other States of the German Confederation, and in pursuance of the laws of the United States for extradition, an application for extradition should be granted where the evidence is such as to fairly prove the charge, and call upon the defendant to explain the facts adduced, when, without such explanation, the charge would stand proven.    Matter of Risch, U. S. Dist. Ct. E. D. Texas, 36 *Fed. Rep.* 546.

Proof that defendant, charged with murder in Germany, knew of the financial condition and embarrassments of deceased, and had aided him therein; that deceased was last seen alive coming to defendant's mill at midnight, where defendant was with others of his family; that soon after heavy noises were heard, and gurgling sounds as of some one in the gasps of death; that the body of deceased was afterwards found in a place to which defendant had ample time to remove it, showing that death was caused by a heavy blow on the skull, and was in a state of decomposition consistent with the time of his disappearance; that he had considerable money on hand, and that defendant had possession of his money, satchel, and all the clothing of his wardrobe, and that just prior to the murder defendant had taken steps to remove to America, which, shortly afterwards he did do quietly, and had considerable money with him after coming to America; all this is sufficient to authorize his surrender to the German authorities in extradition proceedings.    *Id.*

**No Distinction between Felony and Misdemeanor.**—Fugitives from justice may be returned for misdemeanor as well as for felony under the interstate extradition laws to the State from which they have fled.    *Ex parte* Reggel, 114 *U. S.* 642.

**Persons brought within the Jurisdiction, by Force or Fraud, or without Authority.**—A fugitive from justice, who, without force, has been enticed into the State by false and fraudulent representations on the part of the complainant or by some one interested in the prosecution, comes voluntarily within the State, and may be arrested and extradited from the State, and in such case a person who fled from the State of Pennsylvania into Canada as a fugitive from justice, upon coming into this State may be extradited to Pennsylvania. Matter of Brown, 4 *N. Y. Crim. Rep.* 576; S. c. in U. S. Dist. Ct., 38 *Fed. Rep.* 653.

A defendant before the proper court having jurisdiction of the offense of forgery, with which he is charged, is not entitled to his discharge on the ground that he was delivered to a police officer of San Francisco by the Japanese authorities on a request of the governor of the State, who had no right to make such request. People v. Pratt (Cal.), 20 *Pac. Rep.* 731.

Where one charged with a crime in Illinois was brought thither from California, on a requisition, it is immaterial that he had been forcibly and illegally brought to California from a foreign country. Ker v. People, 110 *Ill.* 627; Kerr v. Illinois, 119 *U. S.* 436.

The principle that an extradited fugitive from justice can be tried only for the crimes named in the treaty between extradition countries, does not apply where the prisoner was forcibly taken from the foreign country and not under an extradition warrant. Ker v. People, 110 *Ill.* 627.

A surrender of fugitives from justice to the State whose laws have been violated, is the only aid provided by the U. S. laws for punishment of violence committed in one State by an intruder from another State. Mahon v. Justice, 127 *U. S.* 700.

No mode is provided by the United States laws and Constitution by which a person unlawfully abducted from one State to another, and held there by process of law for an offense against the State, can be restored to the State from which he has been abducted. *Id.*

The laws of the United States do not recognize any right of asylum on the part of a fugitive from justice in any State to which he has fled. *Id.*

One indicted for felony in one State, forcibly abducted from another State, and brought into the State where indicted by parties acting without warrant or authority of law, is not entitled to release from detention by reason of such unlawful abduction. *Id.*

(These principles were applied to international extradition by the United States Supreme Court in Ker v. Illinois, 119 *U. S.* 436, and it seems now to be well settled that the bringing within the jurisdiction by force, fraud, or without authority of a person is no objection to his being extradited either under international or interstate extradition. In the case of Ker v. Illinois, the prisoner had been kidnapped from Peru and brought to California. In the case of Mahon v. Justice, the defendant had been forcibly abducted from West Virginia to Kentucky).

**An Extradited Person cannot be held or Extradited on a Different Charge.**—The proposition that a person brought within a jurisdiction by extradition proceedings cannot be held for any other offense than the one for which he was extradited, is well settled,

both as regards international and interstate extradition.    As regards international extradition, the leading case is United States *v.* Rauscher, 119 *U. S.* 407, and as to interstate extradition, an important case is State *v.* Hall, 40 *Kans.* 338; 10 *Am. St. Rep.* 200; both of which are cited in the opinion of the governor in the case at bar.

A person was brought to Texas from Mexico under extradition proceedings charging him with the murder of two persons.    It was held that he could not be put on trial for the murder of another person, and that it could not be contended that he had waived the right to object, as the government of Mexico was no party to the waiver.    *Ex parte* Coy, 32 *Fed. Rep.* 911.

A prisoner brought from another State before a commissioner of a United States Circuit Court, upon an extradition proceeding, and for the purpose of preliminary trial only, has, after discharge of his preliminary trial, the legal right to a reasonable period of exemption from arrest to return to the place (in this case, another State) from which he has been taken.    Matter of Baruch, U. S. Cir. Ct. S. D. N. Y., 7 *N. Y. Crim. Rep.* 325.

See also Matter of Reinitz, cited in the opinion of the governor in the case at bar.

In Hackney *v.* Welsh, 107 *Ind.* 253, a person was arrested in Indiana for a felony there.    He had previously committed a felony in Michigan, and while in custody in Indiana a requisition came from Michigan.    He escaped, fled to Ohio, was returned on requisition to Indiana, and put on trial, but the prosecution failed.    It was held that he might then be surrendered under the Michigan requisition.

This decision must be regarded as unsound, and is one of those criticised by the opinion of Governor Hill in the case at bar.    And the same criticism must apply to State *v.* Stewart, 50 *Wis.* 587, where it was held that one taken from one State to another on extradition proceedings, after being tried, acquitted, and discharged, may be re-arrested and tried for another offense before being permitted to leave the State.    *Re* Miller, 23 *Fed. Rep.* 332, and Martin *v.* Woodhall, 56 *Super.* 439, must also be regarded as unsound.

**The Extradition Papers and Proceedings.**—Where the authentication by the U. S. minister follows the language of the statute, it is sufficient.    Whatever ambiguity there may be is that of the statute.    Matter of Behrendt, 32 *Fed. Rep.* 699.

Under the Extradition Treaty of 1842 between the United States and Great Britain, the sanction of the State Department is not essential to the jurisdiction of the commissioner.    Matter of Herres, 33 *Fed. Rep.* 165, reversing 32 *Fed. Rep.* 583.

The certificate of a consul, in accordance with the Act of Congress of August 3, 1832, is sufficient to entitle depositions to be received by the commissioner in extradition proceedings, and evidence of criminality. Matter of Charleston, U. S. Dist. Ct., D. Minn., 34 *Fed. Rep.* 531.

An assistant police magistrate of a city is a magistrate before whom the original affidavit in extradition proceedings may be made under the United States Revised Statutes, section 5278. Kurtz *v.* State, 32 *Fed. Rep.* 226.

A governor should not deliver up one on extradition where there is no evidence that the requirement of the Act of Congress that an affidavit shall be produced and authenticated by the governor demanding extradition has been complied with. *Ex parte* Powell, 20 *Fla.* 806.

Under United States Revised Statutes, section 5278, requiring a copy of an indictment found, or an affidavit made before a magistrate, a complaint is not necessarily equivalent to an affidavit, and a copy must be produced on the return of the writ of *habeas corpus,* and it must appear from the copy that the complaint has all the essentials of the required affidavit. State *v.* Richardson, 34 *Minn.* 115.

A deposition, in extradition proceedings, taken in New York, to which is annexed a certificate by the justice before whom it was taken, under his signature, stating that the witnesses were examined in New York, and within his jurisdiction, is not insufficient because the jurat does not show at what place it was taken, or that the justice acted within his jurisdiction, where the fact is shown in the heading or margin. Matter of Debaun (Canada Sup. Ct.), 11 *Crim. Law Mag.* 47.

The copies of depositions relating to allegations of the complaint, admissible under the Federal act, at the hearing need not be shown to be competent evidence under the law of the foreign country. Matter of Charleston, 34 *Fed. Rep.* 531.

A complaint setting forth minutely the forged note,—*Held,* to be sufficient in substance and in form. *Id.*

Whether the person making the complaint was authorized by the foreign power to make it, is a question for the commissioner. *Id.*

If the complaint is made by a private individual, his authority to represent the foreign executive must appear before the proceedings before the commissioner are closed, or they must be dismissed. Matter of Ferrelle, 28 *Fed. Rep.* 878.

A complaint is fatally defective if it does not show on its face

that the person making it is an agent of the foreign government. *Id.*

A fugitive from justice will not be discharged on *habeas corpus*, because the proofs on which the governor of the State wherein he was found ordered his return were meagre, a *prima facie* case being presented by them.  *Ex parte* Reggel, 114 *U. S.* 642.

If a demand for extradition suggests facts which show that the person demanded is a fugitive from the demanding State to the State of which the demand is made, it is sufficient without stating directly that he fled from the demanding State and took refuge in the other. *Ex parte* Stanley, 25 *Tex. App.* 372; 8 *Am. St. Rep.* 440.

An indictment which conforms to the law of the State where found justifies the return of a fugitive from justice, although it may not conform to technical rules of criminal pleading as observed elsewhere.  *Ex parte* Reggel, 114 *U. S.* 642.

A demand by the governor of one State upon the governor of another, for a fugitive from justice, representing that he has committed a crime in the State from which he has fled, accompanied by a complaint and information, affidavits and warrant of arrest, whereby the fugitive was charged with the crime, and with having fled from such State, and taken refuge in the State wherein he is sought, which papers are certified to be authentic by the governor making the demand, is sufficient foundation for a warrant of arrest by the governor on whom the demand is made.  *Ex parte* Lewis (Cal.), 21 *Pac. Rep.* 553.

The Nebraska statute relating to extradition contemplates that a charge of the crime made against the person to be arrested and delivered up must be made in the State where the crime was committed.   The charge must be made to some court, magistrate or officer in the form of an indictment, complaint or other accusation known to the laws of such State or Territory, and be pending; and a complaint made before a magistrate in Nebraska which fails to allege that such charge is pending against the accused in the State where it is alleged the offense was committed will not confer jurisdiction on such magistrate.   Forbes *v.* Hicks (Neb.), 42 *N. W. Rep.* 898.

On *habeas corpus* to prevent extradition, if the indictment charges a crime against the law of the State where found, this is enough to justify the refusal to discharge, although the crime might also be prosecuted in the State to which the prisoner has fled, because, possibly, the corporation from which a larceny is charged, may be incapable of the ownership of property.   Roberts *v.* Reilly, 116 *U. S.* 80.

Nor is it material that a certified copy of the laws of the State in which the indictment was found was not furnished to the governor of the other State. *Id.*

The extradition warrant need not set out in full or be accompanied by the indictment or affidavit on which it is based. *Ex parte* Stanley, 25 *Tex. App.* 372; 8 *Am. St. Rep.* 440.

Where the indictment accompanying a requisition shows an offense committed against the laws of the demanding State, the court will not consider its sufficiency as a criminal pleading in other respects, as, for instance, whether in an indictment for larceny the property is described with sufficient particularity. State *v.* O'Connor, 38 *Minn.* 243.

A warrant of extradition need not show that the crime charged against the fugitive in the indictment or affidavit is an offense against the laws of the demanding state. *Ex parte* Stanley, 25 *Tex. App.* 372; 8 *Am. St. Rep.* 440.

One may not be arrested on a complaint which merely charges that he has committed an offense against the laws of Dakota, which if committed in Nebraska would, by its laws, have been a crime, but which does not set out the nature of the offense. Smith *v.* State, 21 *Neb.* 552.

An affidavit in extradition proceedings showing upon its face that it was taken in the Municipal Court of Milwaukee, which is a court of record having a clerk, and reciting that it was subscribed and sworn to before the clerk, who signs it, sufficiently shows that it was taken before a magistrate as prescribed by the Act of Congress. Matter of Keller, 36 *Fed. Rep.* 681.

An affidavit charging the crime of embezzlement and conversion of property by an employee in Wisconsin, in terms that would be sufficient under the laws of that State, in an indictment or information, sufficiently charges that offense for the purpose of extradition. *Id.*

A warrant of extradition recited that the accused was committed on a charge of forgery. *Held*, that the proceedings before the committing magistrate and his report on which the warrant issued, might be looked to, to ascertain what, and how many forgeries the extradition was intended to cover. *Ex parte* Hibbs, 26 *Fed. Rep.* 421.

Verification of an affidavit for extradition on information and belief is sufficient. Matter of Keller, 36 *Fed. Rep.* 681.

A governor who is asked to return to another State a fugitive from justice cannot pass upon the validity of the indictment. People *ex rel.* Nubell *v.* Byrnes, 2 *N. Y. Crim. Rep.* 398; 33 *Hun*, 98.

The fact that an indictment, of which a copy is annexed to the

requisition, fails to give the full Christian names of the person demanded, and only states the initial letters thereof, does not justify a refusal to issue the warrant by the governor or a discharge of the person demanded, by the court after he has been arrested thereunder. *Id.*

One under examination in extradition proceedings has a right to introduce witnesses in his own behalf. Matter of Kelley, 25 *Fed. Rep.* 268.

Where a person has been arrested upon a warrant issued by the governor upon a requisition founded upon an indictment which only gives the initials of the Christian name of defendant, and in the warrant the initials only of the two first names of the alleged fugitive are given, such person is entitled upon a writ of *habeas corpus*, to deny that he is the person mentioned in the warrant, and upon such denial being made, the burden of proving that he is the same person is upon the party seeking to retain him in custody. People *ex rel.* Nubell *v.* Byrnes, 2 *N. Y. Crim. Rep.* 398; 33 *Hun*, 98.

The identity of the prisoner may be proved by his admissions. *Id.*

The court will not necessarily discharge on *habeas corpus* one indicted for crime in another State, because of a possible defect in the indictment, but will leave the question to the courts of the State where the indictment was found. *Ex parte* Roberts, 24 *Fed. Rep.* 132.

Where a requisition was had upon a charge of embezzling money, an indictment for embezzling money and property simply charges the same offense in different ways, to meet the evidence as may appear upon the trial, and is unobjectionable. Waterman *v.* State, 116 *Ind.* 51.

The State courts have power on *habeas corpus* to inquire into the cause of the detention of one held under the requisition of a governor of another State. Matter of Robb, 64 *Cal.* 431.

If the affidavit on which the governor acted charges a crime, its validity cannot be impeached by the person whose extradition is sought. Kurtz *v.* State, 22 *Fla.* 36.

Under the Canada Extradition Statute, §§ 3 and 9, the accused can only show that the offense is either a political one or that it is not an extraditable crime. The investigation cannot take the features of a trial. Matter of Debaun (Can. Sup. Ct.), 11 *Crim. L. Mag.* 47.

Evidence sufficient to justify the arrest and trial of the accused, although not conclusive of his guilt, is sufficient to authorize his surrender by Canada to the United States in extradition proceedings. *Id.*

The authority of the commissioner to issue a warrant in extradition proceedings under a treaty must appear upon the face of the writ. Matter of Kelley, 25 *Fed. Rep.* 268.

Adjournment of the proceedings are in the discretion of the commissioner, and unless unreasonable, the court will not interfere on *habeas corpus.* Matter of Ludwig, 32 *Fed. Rep.* 714.

The fact that a prisoner has been indicted for embezzlement under the Federal laws does not prevent his extradition from Canada to answer to a charge of forgery in New York with intent to defraud a bank in that city. And the legal existence of the bank may be sufficiently proved by the evidence of witnesses. Matter of Debaun (Can. Sup. Ct.), 11 *Crim. L. Mag.* 47.

In a proceeding for the extradition of a person charged with forgery, where the fact is proved that a forged document was put off on a bank in New York of which the accused was an employee, and that forgery consisted of an alteration of a document sent to that bank by a Baltimore bank, it is sufficient to show that the crime was committed in the State of New York. *Id.*

One arrested under extradition treaty, and discharged for want of sufficient evidence may be re-arrested and re-examined without the issuance of a second mandate by the executive. Matter of Kelley, 26 *Fed. Rep.* 852.

Where in extradition proceedings the first warrant is of questionable regularity, and no order is entered on the first complaint, the district judge has power, under U. S. Revised Statutes, § 5270, to issue a second warrant, arrest whereon will not be held void on *habeas corpus. Ex parte* Fergus, 30 *Fed. Rep.* 607.

A defect in extradition papers for the extradition of one charged with a felony cannot be taken advantage of after he has been extradited and a capias issued on the indictment againt him, except by the State or country from which he was extradited. *Ex parte* Barker (Ala.), 6 *South. Rep.* 7.

**Miscellaneous.**—Interstate extradition laws abridge no constitutional rights. Matter of Mahon, 34 *Fed. Rep.* 525.

A State may legislate on the subject of extradition. Kurtz *v.* State, 22 *Fla.* 36.

The interstate extradition laws apply to the Territories as well as well as to the States. *Ex parte* Reggel, 114 *U. S.* 642.

Federal and State courts have concurrent jurisdiction in extradition. *Ex parte* Brown, 28 *Fed. Rep.* 653.

Courts will not overrule the decisions of the executive authority in extradition proceedings, unless they are clearly satisfied that an error has been committed. *Id.*