267 P.2d 992

**STATE v. WISE et al**

No. 5726.

Supreme Court of New Mexico.

Jan. 21, 1954.

Rehearing Denied March 22, 1954.

Easley & Quinn, Hobbs, New Mex., Murray J. Howze, Monahans, Tex., for appellants.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Walter R. Kegel, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellants were convicted in Lea County of the crime of breaking and entering a

store in Hobbs, New Mexico, in the night-time with the intent to commit larceny, and they appeal from the judgment and sentence.

Having crashed the plate glass window of the store, appellants were in the act of loading a safe, which they had taken therefrom, into an automobile, when their plans became frustrated by the approach of peace officers. They fled east from the scene, with local officers in pursuit. Shortly thereafter, they were apprehended in Texas by New Mexico officers and immediately brought back to New Mexico where they were later put on trial.

A single question is presented. Appellants contend here, as in the court below, that the court was without jurisdiction to try them on the criminal charge because they had been brought within the court's jurisdiction by means of forcible abduction.

■ The weight of authority is against appellants. It is well established that where a person accused of crime is found within the territorial jurisdiction where he is charged, the jurisdiction of the court where the charge is so pending is not impaired by the fact he was brought from another jurisdiction by illegal means. Numerous cases, both Federal and State, support the general rule. In re Application of Lee P. Mayes for Writ of Habeas Corpus, our No. 5471 recently decided, writ denied without opinion; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Sheehan v. Huff, 78 App.D.C. 391, 142 F.2d 81; Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Wilson v. State, 25 Ala.App. 298, 145 So. 191; People v. Pratt, 78 Cal. 345, 20 P. 731; Ker v. People, 110 Ill. 627, 51 Am.Rep. 706, affirmed 119 U.S. 436, 7 S.Ct. 225, 30 L. Ed. 421; Jackson v. Olson, 146 Neb. 885, 22 N.W.2d 124, 165 A.L.R. 932. Kansas alone may be said to support a contrary view.

■ We are of the opinion the court had jurisdiction to try appellants for the criminal offense. The judgment will be affirmed and, It Is So Ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.