343 P.2d 1040

CITY OF ROSWELL, Plaintiff-Appellee,

v.

Dick FERGUSON, Defendant-Appellant.

No. 6521.

Supreme Court of New Mexico.

Sept. 10, 1959.

Wm. W. Osborn, Roswell, for appellant.

James B. Stapp, Roswell, for appellee.

LUJAN, Chief Justice.

This was an action for the violation of a city ordinance on November 14, 1957, originally brought and tried before the police judge of the city of Roswell, New Mexico. The accusation was that the defendant operated a motor vehicle on the streets of the city of Roswell while under the influence of alcoholic beverages contrary to Ordinance No. 686. He was found guilty and a fine was assessed against him. From this judgment he appealed to the district court of Chaves County. On trial in the district court the defendant was found guilty of violating the above numbered ordinance and was ordered to pay a fine in the sum of $175, and his driver's license was suspended for a period of one year. In this appeal he challenges the sufficiency of the evidence to sustain the conviction and the judgment and sentence of the court, and the authority of the court to suspend his driver's license.

At the conclusion of all of the evidence the trial court made the following finding

of fact which it incorporated in its judgment:

"That Defendant J. T. Ferguson is guilty beyond a reasonable doubt of the charge of operating a motor vehicle while under the influence of intoxicating liquor, contrary to the provisions of Ordinance No. 686 of the City of Roswell, as charged in the complaint herein."

■ Defendant-appellant relies for reversal of the judgment of the district court on these propositions:

(1) That the judgment of the district court is not supported by substantial evidence; (2) that the evidence does not support the burden of showing that the defendant was guilty beyond a reasonable doubt, necessary in criminal prosecutions; and (3) that the court erred in revoking the appellant's driver license.

The first and second propositions are untenable. An examination of the record discloses that there was substantial evidence to sustain the finding of fact upon which the judgment of guilty of violation of City Ordinance No. 686 was necessarily predicated, and that the state proved that the defendant was guilty beyond a reasonable doubt of operating a motor vehicle while under the influence of intoxicating liquor on the streets of the City of Roswell. For example, Milton W. Matson, a city policeman testified that while he and policeman Charles Crume were parked at Walnut and Main Streets they observed an automobile go by without any headlights on; that they pursued the car in order to have the driver thereof turn on the headlights; that while following the car they noticed it weaving quite badly in the traffic lane; that at Fourth and Main Streets, in obedience to a red light, the appellant stopped his car and they pulled the police car alongside his car, and told him they would like to talk to him; that Officer Crume got out of the police car and told the appellant he would like to drive his car to the curb; that appellant complied with the request; that while talking to appellant they detected a strong odor of liquor on his breath; that when he got off his car he was wobbly on his feet; and that his speech was impaired to some extent. He further testified that appellant was then and there placed under arrest and taken to police headquarters where he was charged with operating a motor vehicle while under the influence of intoxicating liquor; and that he was offered an alcoholic blood test but appellant refused to sign a consent form stating that he did not want one.

On direct examination Officer Matson testified:

" * * * Q. From your observation of the defendant at that time and place what can you say with reference to his sobriety? A. To my knowledge and belief the defendant was in no con-

dition to be operating a vehicle on the Streets.

\*     \*     \*     \*     \*

"By the Court: Can you state positively in your opinion he was under the influence of intoxicating liquor at the time you stopped him? A. Yes, sir."

Officer Charles Crume corroborated Officer Matson in every particular.

On direct examination he testified:

" \*   \*   \*   Q. Did you have the opportunity to observe his manner of walking? A. Yes, sir, the defendant got out of his car and we noticed at that time he was very unsteady on his feet and he had a strong odor of some intoxicant on his breath and about his person.

"Q. From your observation of Mr. Ferguson at that time and place what can you state with reference to his sobriety? A. I believe he was not in any condition to be driving a car on the streets.

"By the Court: Why was he not in no condition to drive? A. To me it seemed he was drunk.

\*     \*     \*     \*     \*

"The Court: You understand that the outcome of this case must of necessity depend to some extent upon opinion evidence with reference to this man's sobriety giving the defendant the benefit of the doubt, can you state positively this man was under the influence of intoxicating liquor at the time you stopped him at Fourth and Main Streets? A. Yes sir."

■ We are satisfied that there was ample evidence, of a substantial nature, submitted on the question of appellant's state of intoxication, which fully justified the court's finding and the same will not be disturbed by this court. Flippo v. Martin, 52 N.M. 402, 200 P.2d 366; Staley v. New, 56 N.M. 756, 250 P.2d 893.

■ Under his third proposition appellant contends, and we agree, that the trial judge erred in revoking his driver's license, in view of the provisions of Section 64–22–2(d) of the 1953 Compilation, which vests upon the Commissioner of Motor Vehicles, and he only, the right to revoke licenses to operate motor vehicles where the owners of such licenses are found guilty of driving motor vehicles while under the influence of intoxicating liquors.

Chapter 179, Section 304(a) (b) Session Laws of 1955, provides that upon the conviction of a person for operating a motor vehicle while under the influence of intoxicating liquor the *court* in which such conviction is had shall require the surrender of the operator's license then held by such person and shall thereupon forward the same together with a record of such conviction to the *division*. (Emphasis ours.)

Section 305 of the above chapter provides:

"The division shall forthwith revoke the license of any operator * * * upon receiving a record of such operator's * * * conviction * * * when such conviction has become final."

The judgment is reversed and the cause remanded with a direction to the district court to set aside the judgment insofar as it revokes appellant's driver license. It is affirmed in all other respects.

It is so ordered.

McGHEE, COMPTON, CARMODY and MOISE, JJ., concur.