[Civ. No. 9784.   Third Dist.   Dec. 3, 1959.]

RALPH DEWITT RINGER, Appellant, v. MUNICIPAL COURT FOR THE MODESTO JUDICIAL DISTRICT, COUNTY OF STANISLAUS, Respondent.

A. M. Frad for Appellant.

Frederick W. Reyland, Jr., County Counsel, David G. Dunford, Assistant County Counsel, and Clayton M. Ham, Deputy County Counsel, for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment denying a writ of prohibition to restrain the respondent court from trying appellant on a charge of a violation of section 502 of the Vehicle Code, a misdemeanor.

Appellant was arrested and placed in the county jail of Stanislaus County and thereafter released on bail. Admittedly the alleged violation did not occur in the presence of the arresting officer. Thereafter a complaint was filed against appellant, but no warrant of arrest was issued thereon or served. However appellant voluntarily appeared before the court, was arraigned, entered a plea of not guilty and demanded a jury trial. At his arraignment appellant stated that he did not desire counsel. Later, however, appellant obtained counsel and objected to the jurisdiction of the respondent court on the ground that he had not been lawfully arrested. The objection was overruled, and the case was set for trial. Appellant then petitioned the Superior Court of Stanislaus County for a writ of prohibition to stay further proceedings which was denied, and this appeal followed.

Appellant contends that under the provisions of section 1427 of the Penal Code, in a case such as this it is mandatory that a warrant of arrest be issued and that an arrest be made on such warrant in order to vest the court with jurisdiction over him.

We have concluded that there is no merit in this contention. The offense is one in which the respondent court had jurisdiction of the subject matter, and when the appellant

*Assigned by Chairman of Judicial Council.

voluntarily appeared in person before the respondent court, was arraigned, pleaded not guilty and demanded a jury trial, the court obtained jurisdiction over him regardless of the requirements of section 1427 of the Penal Code.

As stated in *Strand* v. *Schmittroth*, 251 F.2d 590, 600; "A multitude of cases indicate that, if the accused be brought personally before a court which has jurisdiction of the subject matter, he may be tried, convicted, sentenced and imprisoned. It makes no difference by what means, rightful or wrongful, his body was brought into court . . ." The following cases are cited in support of the above statement. (See footnote 21.) *People* v. *Pratt*, 78 Cal. 345 [20 P. 731] (illegal extradition from Japan); *Ex parte Ah Men*, 77 Cal. 198 [19 P. 380, 11 Am.St.Rep. 263] (irregular arrest); *Nelson* v. *State*, 115 Neb. 26 [211 N.W. 175] (arrest without warrant); *In re Johnson*, 167 U.S. 120 [17 S.Ct. 735, 42 L.Ed. 103] (illegal arrest). (See also *De La Maza* v. *United States*, 215 F.2d 138, holding that where the defendant pleads to the merits of a criminal action he waives all objection to the illegality of the arrest.)

And in *People* v. *Youders*, 96 Cal.App.2d 562, 568 [215 P.2d 743], the court held: "Even though the defendant may have been brought before the trial court by illegal proceedings, this does not deprive that court of jurisdiction." (Citing *People* v. *Pratt*, 78 Cal. 345 [20 P. 731].)

Further it has been held that the only purpose of issuing a warrant of arrest is to bring the defendant before the court. (*McGilvery* v. *State*, 50 Okla.Crim. 376 [298 P. 312]; *People* v. *Hagan*, 138 Misc. 771 [247 N.Y.S. 374].)

In the instant case the respondent court had jurisdiction of the subject matter, and the appellant voluntarily appeared before that court and, as heretofore stated, was arraigned, pleaded not guilty and demanded a jury trial. Under such circumstances we are unable to perceive why the alleged irregularity in the manner of his arrest entitles him to immunity from trial for the offense charged in the complaint. The court, as pointed out in *Nelson* v. *State*, *supra*, might have caused a warrant to be issued for the arrest of appellant at that time, but that was unnecessary because he was already in court. A defendant who has been subject to illegal arrest should not, by virtue of such illegality, gain immunity from punishment for the offense for which he was arrested. (*People* v. *Valenti*, 49 Cal.2d 199 [316 P.2d 633].) Hence the issuance of a warrant of arrest and the service thereof in the instant case would have been an idle act.

Appellant further contends that since he did not know a warrant had not been issued, he could not knowingly have waived the requirement that the respondent court issue a warrant for his arrest prior to the time of his arrest. He relies on *People* v. *Wilson*, 106 Cal.App.2d 716 [236 P.2d 9], in which, after approving *People* v. *Youders, supra*, the court said: "When a person is illegally incarcerated he must take proper steps in the trial court, before trial, to correct the situation." (P. 718.) We feel that this statement was dictum since the court had disposed of the case on the ground that the writ of *coram nobis* will not lie where the facts relied upon were known to the defendant at the time of the trial. However, there is an intimation in the court's statement that, if raised in time, such a motion might be good, but nothing is said as to what point in the proceedings before trial the issue must be raised. If the issue may be raised at all, after the defendant has subjected himself to the jurisdiction of the court, it appears to us that it must at least be raised before a plea is entered at the arraignment.

Further there is a distinction between the issue of waiver and the time when personal jurisdiction attaches, as pointed out in *People* v. *Park*, 92 Misc. 369 [156 N.Y.S. 816, 821], wherein the defendant was arrested on a misdemeanor charge of keeping a disorderly house, the violation not occurring in the presence of the officer. The court reviewed the cases in New York where the objection to jurisdiction was made after trial; also where the objection was made before trial, and said: "These cases, involving the question of waiver, seem to imply that, unless there is a waiver by the defendant, the court does not acquire jurisdiction of the person. In most, if not all, of these cases in which the question of waiver was considered, however, it does not appear that any question was considered by the court except the question of waiver. The broader question as to whether or not the court acquires jurisdiction when the defendant is brought before the magistrate and charged with a crime was not considered. That question was up, however, and received careful consideration from very able judges in the cases cited in this memorandum, and as already suggested, I believe the weight of authority is that the magistrate acquires jurisdiction of the person when the defendant is brought before the magistrate and charged with crime." We have arrived at the same conclusion in this case.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.