349 P.2d 129

**CITY OF ROSWELL, Plaintiff-Appellee,**

v.

**Raymond NEW, Defendant-Appellant.**

No. 6522.

Supreme Court of New Mexico.

Jan. 29, 1960.

414

---

William W. Osborn, Roswell, for appellant.

James B. Stapp, Roswell, for appellee.

## CARMODY, Justice.

Defendant-appellant was found guilty in the police court of operating a motor vehicle while under the influence of intoxicating liquor. Upon appeal to the district court, with a trial de novo, he was again found guilty, and it is from this judgment and sentence that he appeals.

The questions involved relate to whether or not the judgment is supported by substantial evidence that the defendant was guilty beyond a reasonable doubt, and whether the proceedings were based upon an illegal arrest.

The defendant at the time of the alleged offense was an officer in the New Mexico State Police. After having been on duty over some twenty hours on the day in question, he was apprehended by an officer of the Roswell police force when his state police vehicle stalled on one of the city streets. The city officer, observing his condition, took him to the home of a brother state police officer and had the state police car hauled to a garage. Approximately four hours later, the defendant was taken by a sergeant of the state police to the office of the chief of police of Roswell. After some conversation, the defendant was formally arrested for violation of the municipal ordinance.

The defendant's principal claim of error is his attack on the evidence presented as being not substantial. This evidence related to the manner in which the defendant had operated his car radio, testimony as to his conduct and appearance, evidence of the odor of liquor, impaired speech, staggering, and statements by several witnesses that in their opinion the defendant was under the influence of intoxicating liquor.

The defendant combats all of this testimony by the claim that he had been on duty for better than twenty consecutive hours, had a new lower denture which caused him pain and impaired his speech, had mechanical difficulty with his car, and generally that his actions were not such as showed him to be under the influence of alcohol. He does admit having had one drink, but no more, at three o'clock in the morning. but denies being under the influence of intoxicating liquor.

■ Admittedly, the evidence is conflicting, but quite obviously there was more than sufficient evidence of a substantial character under which the trial court was amply justified in finding the defendant guilty, and this finding will not be disturbed by us. See City of Roswell v. Hall, 1941, 45 N.M. 116, 112 P.2d 505; State v. Alls, 1951, 55 N.M. 168, 228 P.2d 952; Kilpatrick v. State, 1953, 58 N.M. 88, 265 P.2d 978. Compare City of Albuquerque v. Patrick, 1957, 63 N.M. 227, 316 P.2d 243.

■ The defendant next maintains that in some way he was injured or his constitutional rights were impaired when he was not arrested immediately and was taken several hours later to the office of the chief of police by his sergeant before being served with a warrant of arrest—in other words, that he was arrested for a misdemeanor without a warrant.

Suffice it to say that if the defendant had been so arrested and if he had been shown to be prejudiced in any way by reason of the arrest, such an argument might have some merit. However, there is no showing whatsoever that the defendant was in anywise prejudiced, nor was he denied at the trial any constitutional right in any respect. His going to the office of the chief was at the direction and in the custody of his superior officer and was not an arrest in any ordinary sense. Quite obviously, this was an embarrassing and delicate situation involving city and state policemen, but we fail to see how any right of the defendant was in any way impaired. We have examined the authorities cited by the defendant and find them to be mere basic statements of law and in no sense applicable to the instant case.

■ The defendant makes the additional assertion that the district court erred in revoking his driver's license for one year. The appellee concedes that this is error under our ruling in City of Roswell v. Ferguson, 1959, 66 N.M. 152, 343 P.2d 1040. However, otherwise we find no merit in the contentions made by the defendant.

The judgment is reversed and the cause remanded with directions to the district court to set aside the judgment insofar as it revokes appellant's driver's license, but affirming the same in all other respects.

It is so ordered.

McGHEE, C. J., and COMPTON and MOISE, JJ., concur.

CHAVEZ, J., not participating.