386 P.2d 707

The CITY OF ROSWELL, Plaintiff-Appellee,

v.

Patrick James LEONARD, Defendant-Appellant.

No. 6978.

Supreme Court of New Mexico.

Aug. 5, 1963.

Rehearing Denied Dec. 2, 1963.

Brown & Brainerd, Roswell, for appellant.

James B. Stapp, Roswell, for appellee.

ZINN, District Judge.

The defendant-appellant seeks to overturn his conviction in the district court of Chaves County of the misdemeanor of operating a motor vehicle while under the influence of intoxicants, contrary to ordinances of the city of Roswell. The trial was one de novo after an appeal from a similar result in the police magistrate's

court of that city. The appellant, with the aid of counsel, had entered a plea of not guilty and proceeded to trial in the city court.

The appeal challenges the jurisdiction of the trial court on the grounds of the arrest being illegal and of the complaint, which initiated the prosecution, being defective. The arrest was challenged as one made without a warrant, with the officer making it being not one who saw the commission of the offense charged. The complaint was challenged on the ground that it was signed by one not having personal knowledge of the facts constituting the offense. The sufficiency of the verification of the complaint was also challenged for the lack of statutory authority for the police magistrate to administer oaths.

On this appeal, appellant also challenges the sufficiency of the evidence to support the conviction. The jurisdictional challenges were made in the trial court by a motion to dismiss.

The essential facts were that the appellant caught the attention of two cruising Roswell policemen. The squeal of his tires, as he turned his car on a downtown Roswell street about 2:30 one morning, caused the policemen to follow him. They followed for several blocks, but lost him when he doubled back on them. As he passed them going in the opposite direction, they recognized him. There was no rapid pur-·

suit or use of red light or siren by the policemen. When they lost the appellant, they put out a radio call describing him and his car. A deputy sheriff, who had heard the call, spotted the appellant's car at a roadside cafe and notified the city police. A city policeman, other than the ones who had followed the appellant, joined the sheriff's deputy and persuaded the appellant to go with them to the police station. This policeman and the deputy attested to the fact of appellant being under the influence of intoxicants when found by them. The other two policemen attested that appellant was operating his automobile just a few minutes before he was located at the cafe and found to be under the influence.

The trial court ruled, denying the motion to dismiss. The decision on this motion was in a written opinion, made a part of the record. After the ruling, the court then proceeded to try the case.

The submission of the appellant to jurisdiction of his person by entry of a plea of not guilty and proceeding to trial in municipal court was an effective waiver of any claim of illegality as to the arrest. State v. Barreras, 64 N.M. 300, 328 P.2d 74; State v. Wise, 58 N.M. 164, 267 P.2d 992; 96 A.L.R. 982; 5 Am.Jur.2d 796.

An appearance limited solely to a challenge to jurisdiction of the person is

necessary to preserve this question. Ringer v. Municipal Court of Modesto Judicial District, 175 Cal.App.2d 786, 346 P.2d 881; State v. Fremont Lodge of Loyal Order of Moose, 151 Ohio St. 19, 84 N.E.2d 498; City of St. Paul v. Webb, 256 Minn. 210, 97 N.W.2d 638, 76 A.L.R.2d 1423.

■ Similarly, the submission of appellant to jurisdiction of his person, both in the city court and in the district court by proceeding to trial, was an effective waiver of any challenge to the original complaint. City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141.

■■ The second point raised by appellant is a contention of his conviction having been without substantial evidence. The record supports the court's finding. Appellant contends the lack of evidence to be primarily one of lack of witness credibility. This is a matter for the trial court, which will not be disturbed upon appeal if there is any substantial evidence to support the finding. State v. Truelock, 70 N. M. 389, 374 P.2d 141; City of Roswell v. Ferguson, 66 N.M. 152, 343 P.2d 1040; State v. Sisneros, 42 N.M. 500, 82 P.2d 274.

The judgment and sentence will be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.