PEOPLE'S SAVINGS BANK *v.* McINTURFF.

Opinion delivered January 31, 1921.

1. EVIDENCE—INSTRUMENT INSUFFICIENT AS WILL.—A typewritten instrument designated as a will but not witnessed as required by law, which is not admissible in evidence as a will, because not properly executed, nor as a release, because made without consideration, may be admitted to corroborate other evidence that a note and mortgage to decedent had been settled, as it was a declaration against interest, and it is immaterial that the declaration was not made to the debtor.

2. WITNESSES—STATEMENTS OF INTESTATE.—Crawford & Moses' Digest, § 4144, prohibiting a party from testifying as to transactions with or statements of an intestate unless called by the opposite party, has no application to an agent or attorney of a party.

3. MORTGAGES—DECREE SUSTAINED BY EVIDENCE.—A decree, holding that a certain mortgage had been paid *held* sustained by the testimony.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*Abner McGehee,* for appellant.

The paper designated as a will was not admissible in evidence because not probated nor subject to probate. Kirby's Digest, §§ 8028-30. Nor could it be probated in Tennessee. 4 Shannon's Code of Tenn., p. 3759. It was typewritten and without subscribing witnesses. The burden was on appellee, and she has failed to sustain her case, and the facts and circumstances and the contradictory statements are so suspicious as to make the authenticity of the will doubtful.

The statement of J. H. Carmichael was not admissible in evidence, and the decree below is not sustained by the weight of the evidence. Appellee's evidence is not worthy of belief. The decree should be reversed with directions to enter a decree in favor of appellant.

*Carmichael & Brooks,* for appellee.

1. The paper headed "will" was admissible in evidence. It was a declaration against interest, as a written declaration of the intestate and as a circumstance to corroborate the other evidence to the effect that the note and mortgage for $4,000 had been settled. Greeleaf on Ev., p. 215, § 147; 115 Ark. 538; 98 *Id.* 340.

2. The decree of the chancellor is sustained by the great weight of the testimony. 130 Ark. 465.

HUMPHREYS, J. This suit was commenced on April 12, 1919, by the New York Life Insurance Company, in the Pulaski Chancery Court, in which appellant and appellee were made parties defendant. The allegation contained in the bill was that it owed $3,873.32 on two policies of insurance issued on the life of Lewey D. Able, now deceased, which was claimed by both appellant and appellee, and asked that they be required to answer and establish their respective claims to the fund.

Appellee answered, claiming the fund by virtue of assignments of the policies.

Appellant answered, claiming the fund on account of an indebtedness due from appellee to the estate of Lewey D. Able; that, on April 4, 1918, Lewey D. Able

had filed a suit for said indebtedness against appellee in the chancery court of said county, which was still pending and to which no answer had been filed. The suit was for $4,000, evidenced by note and mortgage, and was a foreclosure proceeding. The suit bore No. 22584, and was revived in the name of appellant, as administrator for Lewey D. Able, deceased, and consolidated with the present case, which bore No. 24041. By way of amendment, appellant alleged an additional indebtedness of appellee to the estate of Lewey D. Able in the sum of $2,919.28, on account of failure of consideration for certain lands which had been conveyed by appellee to the said Lewey D. Able.

Appellee filed answer, denying any indebtedness whatever to the estate of Lewey D. Able, deceased, and pleaded a settlement in full of all transactions between them prior to the death of the said Lewey D. Able.

The cause was submitted to the court upon the pleadings, evidence and exhibits, from which the court found for appellee against appellant, and decreed that the money deposited in court by the New York Life Insurance Company be paid to appellee, from which decree an appeal has been duly prosecuted to this court.

The validity of the assignments of the insurance policies to appellee was not attacked. No attempt was made to establish the alleged indebtedness of $2,919.28 in favor of the estate of Lewey D. Able against appellee. The sole issue, therefore, presented for determination on appeal is whether appellee is indebted to the estate of Lewey D. Able, deceased, on account of the $4,000 note and mortgage, upon which suit was pending against appellee by Lewey D. Able at the time of his death.

The suit was instituted by A. J. Newman for Lewey D. Able against appellee on April 4, 1918. At that time, Mr. Newman had the original note and mortgage. At the time Mr. Newman testified in the instant case, he had the mortgage but did not have the note. He had an unsigned copy of the note, which he found, after the death of Lewey D. Able, amongst his papers. Appellee

never denied to A. J. Newman that she was indebted to Lewey D. Able, but said that she had no money with which to pay it. After Able's death, which occurred on December 19, 1918, appellee requested A. J. Newman to dismiss the suit, asking at the time whether Mr. Able owed him anything. He said, "Yes; $50." She replied, if he dismissed the suit he wouldn't lose his fee. The cause was continued along without answer being filed, with some sort of understanding between them that appellee should pay off a lien against the property before proceeding further with the suit. J. H. Carmichael had been employed by appellee to enter a defense in the suit for her. He did not file an answer, because Lewey D. Able, in conversation with him about the middle of July, 1918, told him that there had been a settlement between appellee and himself, and that she did not owe him anything; that he would instruct A. J. Newman to dismiss the suit. For many years, Lewey D. Able and appellee were associated together in business. Appellee had invested Lewey D. Able's money in Saline, Pulaski and other places. Lewey D. Able had made his home with appellee and her parents for a number of years. On or about December 30, 1919, appellee called at the office of Banks & Harrelson, in Memphis, in search of papers belonging to Lewey D. Able, which she heard had been deposited with them. During a conversation with W. H. Harrelson, he recalled that, more than a year before, Lewey D. Able had left some papers with him. He had not heard of Able's death. The papers had been in his exclusive custody during the time. At the request of appellee, he expressed these papers to J. H. Carmichael in Little Rock. Among them was what purported to be a will. It was written in type and signed by Lewey D. Able. Its date was August 11, 1918, which was Sunday. There were no subscribing witnesses to the paper. It is as follows:

"WILL.

"I make this my last will:

"I appoint Edith W. McInturff my executrix without bond, and want her to handle and dispose of my

property, being guided by what I have told her for many years, as follows:

"I have disposed of all my real property by transfers to my brothers and sisters, or their heirs, as I want them to have it, and these deeds are in trust and will be turned over to them at a time I have arranged for. Edith W. McInturff has nothing to do with the handling of my real estate.

"Two paid-up life insurance policies in the New York Life Insurance Company have been assigned to Edith W. McInturff, several years ago, and these she is entitled to, as she paid for them by furnishing me money to make certain investments ten years ago.

"I owe none of my relatives anything, and I cancel any and all debts, notes or mortgages that may be due me at the time of my death by any of my relatives, or by Edith W. McInturff. I have had a home on her place and with her parents for the past eighteen years.

"Above all, I want the closing of my affairs to be with as little confusion and trouble as possible. I have left full instructions with my executrix as to how I want my remains disposed of and matters closed.

"Should my executrix die before the closing of my estate, then I would ask that some trust company be appointed to take her place.

"Made at Memphis, Tennessee, on this August 11, 1918.

(Signed)    "Lewey D. Able.

"The following persons witness my signature."

The record contains statements made by appellee in reference to the information she received concerning the whereabouts of these papers which are out of the ordinary and somewhat unreasonable, but none of them are sufficient from which to find that the paper designated as a will is not genuine.

Appellant insists that the paper designated as a will was not admissible in evidence because not probated or subject to probate. Not being in proper form and subject to probate, appellant is correct in the contention that

it can not be admitted in evidence as a will. While testators may release or remit debts by will, the debt in question can not be held to be released under its terms, for the reason that the instrument is not a will. Neither is it sufficient within itself as a contract to release the debt, because it was executed without consideration. We think, however, the will admissible in evidence as a written declaration by the intestate, Lewey D. Able, as a circumstance tending to corroborate the other evidence in the case to the effect that the note and mortgage of $4,000 had been settled. The declaration was against the interest of Lewey D. Able, upon that ground, was admissible. Greenleaf on Evidence, vol. 1, § 147, page 232 (16 ed.). We find nothing in the rule requiring that the declarations must have been made to the debtor in order to be admissible, as suggested by learned counsel for appellant.

It is also insisted by appellant that the statement of J. H. Carmichael, to the effect that Lewey D. Able told him that appellee had settled the indebtedness made the basis of the foreclosure suit, which he had been employed to defend, and that he would inform A. J. Newman to dismiss the suit, was not admissible, because, at the time made, J. H. Carmichael was acting for appellee and the business related to a transaction with the deceased, Lewey D. Able. The only reason a declaration or admission made by the deceased to a party to the suit, pertaining to a transaction between them, is not admissible is because the statute bars the admission of such testimony. The prohibition does not extend to the agent or representative of the interested party. Crawford & Moses' Digest, § 4144; *Nolen* v. *Harden,* 43 Ark. 307; *McRae* v. *Holcomb,* 46 Ark. 306; *Brown* v. *Brown,* 134 Ark. 380.

The last contention of appellant is that the decree of the chancery court is not sustained by the weight of the evidence. J. H. Carmichael testified positively that the deceased informed him that appellee had settled the indebtedness evidenced by the note and mortgage of $4,000, upon which suit had been brought by A. J. New-

man, and that he would instruct his attorney, A. J. Newman, to dismiss the suit. His evidence is corroborated to some extent by that of A. J. Newman, who testified in substance that the suit had been held up on account of some kind of settlement pending between the parties and the further circumstance that no steps were taken in the case during the lifetime of Lewey D. Able. His evidence is also corroborated by the declaration of the deceased, Lewey D. Able, contained in the paper purporting to be a will. There is practically no evidence in the record tending to show otherwise, so the decree of the chancery court is in accordance with the weight of the evidence.

No error appearing in the record, the decree is affirmed.