BARTON *v*. BARTON.

4-3462

Opinion delivered May 21, 1934.

*E. W. Mead* and *Carmichael & Hendricks*, for appellant.

*Coleman & Reeder* and *Williamson & Williamson*, for appellee.

HUMPHREYS, J.  William Barton, a resident of Stone County, died testate on the 26th day of January, 1933, having provided in his will of date February 16, 1926, that, after payment of his debts and certain bequests, the

residue of his estate, real, personal, and mixed, should be divided equally among his eight heirs with the following proviso relative to appellee's one-eighth interest in said estate, to-wit: "Provided my son Frank (appellee) shall receive only the sum of one dollar unless he shall have at the time of my death paid or otherwise satisfied all his indebtedness to me."

E. E. Barton, one of the legatees, was designated in the will as executor, and, after the probation of the will and the appointment of E. E. Barton as executor, he paid his brother, the appellee herein, one dollar and took the following receipt from him:

"4-10-1933.

"Received of E. E. Barton, administrator, one dollar & no/100 dollars for settlement in full of estate of Wm. Barton.

"$1.00                                        "Marshall, Ark."

Later, appellee demanded his one-eighth interest in said estate, and, when the executor refused to pay same, he filed a petition in the probate court of said county for his distributive share, alleging that the other heirs had then been paid $1,400 each by the executor. He prayed for a full one-eighth share in said estate.

Appellant filed a motion to require appellee to particularly set out and specify upon what grounds and conditions he claimed to be entitled to the share petitioned for.

Appellant also filed an answer alleging that appellee was indebted to Wm. Barton at the time of his death in sums evidenced by four promissory notes as follows:

"Note dated February 27, 1915, $360, 10 per cent. interest; note dated January 7, 1925, $240, 10 per cent. interest; note dated April 21, 1926, $135, interest 6 per cent.; note dated September 24, 1926, $55, interest 10 per cent."

Also alleging that, on account of appellee's failure to pay the notes, he was only entitled to one dollar under the terms of the will and that on account of the execution of the receipt set out above, he was estopped to claim a full one-eighth distributive share in said estate.

Upon a hearing of the cause, the probate court sustained the motion to make the petition more definite and certain and dismissed the petition of appellee for the allowance of the claim.

Saving his exceptions to the order of the court, appellee prayed and was granted an appeal to the circuit court.

In the circuit court on trial *de novo,* the motion to make the petition more definite and certain was overruled, over the objection and exception of appellant. The cause was then submitted to the court, sitting as a jury, upon the pleadings and testimony, resulting in a finding that appellee was not indebted to the testator at the time of his death, and that he was not estopped to claim his one-eighth interest in said estate by the execution of the receipt, and he was entitled to recover under the will a one-eighth part of the estate less a credit of $401, which had been paid him from the estate.

A judgment was rendered in accordance with the finding, from which is this appeal.

Appellant contends the court committed reversible error by not requiring appellee to make his petition more definite and certain by stating whether he was indebted to the testator, and, if so, when and how he had paid same. We think appellee stated a good and sufficient cause of action when he alleged that under the will he was entitled to a one-eighth interest in the estate. The burden did not rest upon him to state and prove that he had been indebted to the testator in his lifetime but that he had paid same. If he was not entitled to take a one-eighth part under the will because he had not paid his indebtedness to the testator, it was a matter of defense, the burden of which must have been assumed by appellant. The court therefore did not err in holding that the burden of proof was on appellant, and in overruling his motion to make the petition more definite and certain.

The appellant also contends that the trial court committed reversible error in admitting proof of statements made by the testator as to what he proposed to do with

·the notes executed by appellee to said testator. C. K. Goddard testified that the testator when living told him that he considered the notes of appellee paid, that is, that the indebtedness had ·been satisfied; that he had made an advancement of $400 to each of the other heirs, and that instead of giving appellee $400 in money, he just gave him credit on his indebtedness. Lecil Brown testified that he was tax assessor for Stone County for the years 1929, 1930, 1931 and 1932 and that, when he assessed the property of the testator in those years, the notes executed by appellee to the testator were not assessed because he said the notes had been paid or satisfied. These statements were against interest and were made to third parties after the execution of the will; hence not hearsay. *Kirby* v. *Wooten,* 132 Ark. 441, 201 S. W. 115; *People's Savings Bank* v. *McInturff,* 147 Ark. 296, 227 S. W. 400. Neither do they offend against the rule forbidding the varying of written instruments by oral evidence. *Bromley* v. *Atwood,* 79 Ark. 357, 96 S. W. 356.

Appellant also contends that the court committed reversible error in finding that appellee was not bound and estopped ·by the receipt executed to appellant releasing all claim against the estate for $1. Estoppel in this case was a question of fact, and there is substantial evidence in the record tending to support the finding that appellee signed the receipt under the ·belief that it was necessary for him to do it in order for him to get his share of the estate. He testified to that effect himself, and the evidence indicates he was feeble minded. In addition, he was before the court, who had the opportunity to see, observe, and hear him ·testify. The letter appellee wrote in which he inclosed the receipt was not especially intelligible.

There is ample evidence in the record to sustain the verdict and judgment.

The judgment is therefore affirmed.