GOLF SHAFT & BLOCK COMPANY *v.* O'KEEFE.

4-5953                                                      139 S. W. 2d 691

Opinion delivered May 6, 1940.

*D. H. Crawford,* for appellant.

*J. H. Lookadoo, Verne McMillan* and *Lyle Brown,* for appellee.

MEHAFFY, J. On March 1, 1938, the appellee, while driving in his automobile, was struck and injured by a truck driven by one of appellant's agents. He received severe personal injuries and his automobile was demolished. Thereafter, the appellee, Orville O'Keefe, brought suit in the Clark circuit court for damages for personal injury, but did not in his complaint mention damage to the automobile. This suit was settled for $1,750.. The judgment recites that it was for personal injuries sustained by the appellee, and after the judgment was entered the agent of appellant told him he wanted releases after he had given him checks in payment of the judgment. They were in the office of an attorney and the appellee, Mr. O'Keefe, said if there was anything in that release about the automobile, he would not sign it. The agent assured him there was nothing in it about the automobile, but only about the personal injuries. He then signed the release.

Appellee thereafter brought suit in the Clark circuit court for damage to his automobile, alleging that it was completely demolished and that he was damaged in the

sum of six hundred dollars ($600). Appellant filed answer, admitted the allegations of negligence in plaintiff's complaint, but did not think his car was worth $600 before the collision and did not think it was valueless after the collision. Appellant further answered, stating that on May 12, 1938, it had settled plaintiff's claim for injury and damage to his automobile and received his written release of all claims, which release was set out in full in the answer. The release recites: "For and in consideration of the payment of $1,750 and other good and valuable considerations," appellee had released and discharged the appellant from any and all actions, causes of actions, claims, demands, damages, and all consequential damage growing out of any and all known and unknown, personal injuries and death, and property damage, resulting or to result from the injury which occurred March 5, 1938.

There was a trial before the court sitting as a jury, by agreement of the parties, and on August 16, 1939, judgment was entered against the appellant for $600. Motion for new trial was filed and overruled and the case is here on appeal.

The appellee testified in substance, that on March 5, 1938, he owned a 1936 model Master Chevrolet coach, which was on that date damaged by a collision with a truck driven by appellant's employee. He is a dealer in second hand cars and knows the value of used cars; that his car was worth $600 and was a total loss. Witness received personal injuries and had brought suit for the personal injuries, but not for the damage to his automobile. He did not think the signature on the release was his. He went to the attorney's office at the time judgment was taken in the personal injury suit, with Mr. Brown, Mrs. Ashby and Mr. Gouldman, and signed a release, but did not receive any value for it. No money was paid and no check paid to him for the release. He received a check for $1,750 for personal injuries. He did not read the release, but told the agent of appellant that if there was anything about the car in the release, he would not sign it. The agent said it was for personal

injuries, nothing in it about the car. Mr. Gouldman, Mr. Brown and Mrs. Ashby, witness' wife, and a negro were in the office when the release was signed. He only signed one release.

J. H. Lookadoo testified in substance that he is an attorney at Arkadelphia, and with Mr. Lyle Brown, represented the plaintiff in a suit against defendant, which was tried before the court in May, 1938. The complaint introduced in evidence is the one we filed, which was for personal injuries in a collision with defendant's truck. They did not represent the appellee for damages to his car and explained that to the defendant's agent in making a settlement. The check for $1,750 was delivered to witness in court, he gave it to his secretary, and requested her to go with appellee and make settlement with witness and Mr. Brown. There was nothing said to the court about satisfying judgment for damages to plaintiff's car and nothing said to witness about wanting release signed. He knew nothing about it until the question arose later. The release was no part of the settlement. He was not present when the release was signed and knows nothing about what took place. It was, after the settlement for personal injuries, in court; knows nothing about it except what Mrs. Ashby and Mr. Brown told him. Mr. Gouldman prepared the judgment.

Lyle Brown, an attorney, testified that he was one of the attorneys in the suit, which was tried before the court in May, 1938. The judgment was rendered for $1,750 for plaintiff, and then plaintiff, his wife, Mrs. Ashby, and witness went to J. H. Lookadoo's office. They did not represent the plaintiff in the suit he had for damages to his car. That was purposely omitted because plaintiff had insurance and did not want to pay a fee. After the judgment was rendered and the drafts delivered, they went to Mr. Lookadoo's office to give Mr. O'Keefe his money, and sign whatever papers were necessary. O'Keefe signed the release and witness signed it as witness. The release was then introduced in evidence. Witness conferred with Mr. Gouldman in his office after this suit was filed, at Gouldman's request. Was surprised

to learn from Mr. Gouldman that the release mentioned property damages. The drafts were not presented until the day judgment was entered. Most of the negotiations for settlement were between Mr. Lookadoo and Mr. Gouldman and witness was not present. Mrs. Agnes Ashby testified that she was J. H. Lookadoo's secretary and had been for four years. Was present in court the day the judgment was entered for $1,750. Mr. Gouldman delivered to Mr. Lookadoo a check payable to him and Mr. Brown, in court. Mr. Lookadoo handed her the check and witness went with Mr. and Mrs. O'Keefe, Mr. Brown, Mr. Ransom and Mr. Gouldman to the office; was in Mr. Lookadoo's office when Mr. Gouldman came in. Mr. O'Keefe and Lyle Brown were there. Mr. Gouldman said: ''I want you to sign this release.'' Mr. O'Keefe said: ''If there is anything to do with the car, I am not going to sign it.'' Mr. Gouldman said: ''It does not have anything to do with the car.'' Mr. O'Keefe then signed the release and she witnessed it. Nobody read it.

Mr. Lawrence A. Gouldman testified that he is in the adjustment business and practices law; made an adjustment between the plaintiff and defendant in the suit filed for personal injuries; knew it asked damages for only personal injuries, but wanted a full settlement and agreed to pay $1,750 in full settlement; discussed it with Mr. Brown, and told Mr. Brown he wanted a full release. Witness preferred to have judgment entered and did in this case; wanted a release for property damage too; delivered separate checks to the parties. Mr. O'Keefe had an opportunity to read the release before signing it. He was sure that O'Keefe could read; saw him sign the release; settlement with the release was the best way to handle it and satisfy witness' client. Witness wrote the judgment and the paragraph he wrote alleged that the complaint stated that O'Keefe was injured and that these allegations were denied and that as a result of the injury sustained by the plaintiff, he was entitled to recover from the defendant $1,750. This was for damages to the plaintiff. Copy of the draft was introduced, and appellee testified that the release was signed after the judgment for

personal injuries and after the draft was delivered to appellee's attorney; he did not receive any value for signing the release, no money or check was paid to him.

There is but one question in this case, and that is whether appellee was bound by the release.

Appellant calls attention, first, to *Union Compress & Warehouse Co.* v. *Shaw*, 187 Ark. 249, 59 S. W. 2d 1021. The question in this case was not involved in that case at all. In the instant case there was no consideration paid. Appellant says the case of *Texas Co.* v. *Williams*, 178 Ark. 1110, 13 S. W. 2d 309, covers this case like a blanket. The question of consideration was not involved in that case at all. In that case the court stated: "The evidence wholly fails to establish any fraud on the part of the appellant whereby appellee was induced to sign the release agreement." Here the undisputed proof shows that the agent of appellant told the appellee that the release contained nothing about property damage, but only related to the personal injury suit.

It is undisputed that the suit was first brought for personal injuries alone, that this matter was discussed with the agent of appellant, that this case was settled, judgment entered and appellee was paid, before they presented the release. There can be no doubt from the record in this case that appellee signed the release relying absolutely on Gouldman's statement that the property damage was not mentioned and that he would not have signed it otherwise, but was induced to believe by Gouldman that it was a release for the damages for personal injury. Under the circumstances the appellee had the right to rely on Mr. Gouldman's statement. A release, like any other contract, must be supported by some consideration.

This court said in the case of *Peoples Saving Bank* v. *McInturff*, 147 Ark. 296, 227 S. W. 400, in discussing a will, and holding that the debt in question could not be released under its terms because the instrument is not a will, said: "Neither is it sufficient within itself as a contract to release the debt because it was executed without consideration."

This court said in the case of *Hays* v. *McGuirk*, 188 Ark. 1167, 66 S. W. 2d 281: "According to the testimony on appellee's behalf, the release was without consideration as it gave her nothing to which her right was questioned and only allowed her to keep what had already been given to her as her own."

A contract to be enforceable must be based on a consideration. 12, American Jurisprudence, p. 564.

"Where there is a total failure of consideration for a release, the release may be disregarded for it constitutes no defense to a suit brought on the original cause of action." 53 C. J., 1207.

Not only was this release without consideration, but it was procured according to the undisputed proof, by fraud and deception. The personal injury case had been settled; the checks had been delivered, and the appellee specifically stated that if the release had anything to do with the car, he would not sign it and was assured by Gouldman that it did not have anything to do with the car. This evidence is undisputed. Then Mrs. Ashby testifies that this statement was made by appellee, that he refused to sign it until Gouldman told him there was nothing about the personal property in it, and she also stated that nobody read the release.

We find no error, and the judgment is affirmed.