## CITY OF LEAD V. KLATT.

1. Where defendant is charged in the same complaint with violations on divers days of a city ordinance, a motion to quash on the ground that several offenses are charged therein, made after defendant has pleaded, comes too late, whether the action be treated as a civil or a criminal action.

2. A motion to quash a complaint on the grounds that no offenses were charged therein under the laws of the state or the ordinance of the city, made after pleading thereto, is not too late.

3. Where defendant appears generally to a complaint charging a violation on divers days of a city ordinance with respect to nuisance, after a verdict of guilty a motion in arrest of judgment on the ground that several offenses were charged in the complaint, treating the prosecution as a criminal action, comes too late, as the defect is demurrable under Comp. Laws, § 7292, providing the joinder of offenses in an indictment is ground of demurrer, and under Section 7452 such a defect is not ground for motion in arrest after the right to take advantage of it by demurrer has been waived.

4. A prosecution for violations of a city ordinance with respect to nuisances is a civil action, and where a general appearance is made by defendant, after verdict of guilty a motion in arrest of judgment on the ground that several offenses were charged in the complaint will not be considered where sufficient facts are stated in the complaint to show a violation of the ordinance.

5. Under Laws 1890, Chap. 37, Art. 5, § 4, prescribing that the city council may provide that persons committed to jail shall be required to work at such labor as their strength permits, the city council has no power to pass an ordinance imposing imprisonment at hard labor, and, where a defendant charged with violations of a city ordinance appeals to the circuit court, and is there convicted, and sentenced to imprisonment at hard labor, on appeal to the supreme court, when no ordinance of the city authorizing such imprisonment is shown, the court will presume that any ordinance passed by the city council conformed to the statute, and will modify the judgment to conform to it.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Jacob Klatt was convicted in the circuit court of Lawrence county for violations of an ordinance of the city of Lead, and he appeals. Modified and affirmed.

*Charles E. Davis* and *George R. Davis*, for appellant.
*H. E. Dewey*, for respondent.

CORSON, J. A complaint was filed against the defendant in the city police court of the city of Lead charging him with violating the provisions of Section 69, Chap. 4, of Ordinance No. 94, of the said city of Lead. To this complaint the defendant pleaded not guilty, and subsequently a motion was made by him to quash the complaint on several grounds therein stated. This motion was denied and a trial was had, resulting in a verdict of guilty. From the judgment entered thereon the defendant appealed to the circuit court of Lawrence county, and upon the trial in that court he was again found guilty by the verdict of the jury. Thereupon the defendant made a motion in arrest of judgment. This motion was overruled, and the defendant was adjudged to pay a fine of $20, and the costs, taxed at the sum of $94.35. It was further adjudged that, in default in payment of the fine and costs, the defendant should be imprisoned at hard labor in the city jail of said city of Lead for a period of 90 days, and that he stand committed until the sentence should be complied with.

The appellant contends that the complaint was insufficient, in that several offenses are sought to be charged against the defendant in the same complaint, and also for the reason that the complaint does not charge the defendant with the commission of any offense under the laws of the State of South Dakota or the public ordinances of the city of Lead. Whether we treat the action as a civil or criminal action, the motion to quash came too late, the same being made after the defendant had pleaded generally to the complaint, except as to the last ground

of the motion,—that no offense was charged under the laws of the state or the ordinances of the city of Lead. This last ground of the motion was clearly untenable. The complaint does charge the defendant with the violation of Section 69 of the city ordinance. Substantially the same objections were made in arrest of judgment. Treating this as a criminal action, this motion in arrest was made too late. Section 7452, Comp. Laws, provides that a motion in arrest of judgment may be founded on any of the defects in the indictment mentioned in Section 7292, unless the objection to the indictment has been waived by a failure to demur. The defendant, as we have seen, failed to demur to the complaint at the proper time. We are of the opinion, however, that this action should be treated as a civil action, under the decisions of City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947; City of Sioux Falls v. Kirby, 6 S. D. 62; 60 N. W. 156, 25 L. R. A. 621; City of Lead v. Klatt, 11 S. D. 109, 75 N. W. 896. Section 69 of the ordinance referred to does not contain any of the essential elements of a nuisance as defined by our statutes (Comp. Laws, § 6632,) and cannot be regarded as re-enacting the statutory provisions. Without setting out at length the sections of the ordinance referred to, it must suffice to say that under the ordinance the complaint stated facts sufficient to show a violation of the ordinance. The court was right, therefore, in denying the motion in arrest of judgment.

It is further contended by the appellant that the judgment so far as it imposes "imprisonment at hard labor," is not warranted by any ordinance of the city of Lead or any statute of this state. In this contention we are of the opinion that the appellant is correct. No ordinance of the city has been called

to our attention authorizing the court to enter this judgment against the defendant, and we cannot presume that any such ordinance exists, as the city council of that city is not authorized to provide by ordinance for any such imprisonment. Section 4, Art. 5, Chap. 37, Laws 1890, provides: "The city council shall have power to provide by ordinance that every person so committed shall be required to work for the corporation at such labor as his or her strength will permit, not exceeding ten hours each working day; and for such work, the person employed, to be allowed exclusive of his or her board, $1.25 for each day's work, on account of such fine and costs." Presuming, therefore, in favor of the judgment, that the city had adopted an ordinance upon this subject, we can only presume that such ordinance conformed to this section of the statute. It will be seen, therefore, that the court was not authorized to enter a judgment that the defendant be imprisoned at hard labor in the city jail of the said city of Lead for the period of 90 days. So far, therefore, as the record discloses, the court was only authorized to enter a judgment that the defendant be imprisoned in the city jail of the said city of Lead for the period of 90 days. The judgment of the circuit court, therefore, will be modified by striking out the words "at hard labor" in said judgment, and the judgment, as so modified, is affirmed, without costs to either party.