### 7641

### CITY OF GREENVILLE v. PRIDMORE.

1. CONSTITUTIONAL LAW—CITIES AND TOWNS.—The constitutional requirement, that the departments of the government shall be separate and distinct, applies only to the State government. A mayor is not thereby disqualified from sitting as a judge in a case for violating an ordinance he has participated in making.

2. CITIES AND TOWNS—ORDINANCES.—A defect in an ordinance may be cured by an amendment which sets out the old ordinance as amended, leaving out the defective part.

3. IBID.—AN ORDINANCE authorizing a mayor to impose both fine and imprisonment is not void as a whole where a complete ordinance is left after striking out the void part.

Before WILSON, J., Greenville, January, 1910. Affirmed.

Action by City of Greenville against A. F. Pridmore. Defendant appeals from Circuit order sustaining judgment of mayor's court.

*Mr. Adam C. Welborn,* for appellant, cites: *The constitutional provision applies to city governments:* 14 S. C., 290; 19 S. C., 421; 11 S. C., 292; 1 Dill Mun. Corp, sec 308. *An amendment of a void ordinance is void:* 13 S. C., 546; 1 Dill Mun. Corp., sec. 89; 23 S. C., 523; 30 S. C., 93; 28 Cyc., 382; 28 Cyc., 374.

*Messrs. Hodges & Daniel,* contra, cite: *Mayor may act as Judge on ordinance made by his council:* 85 S. C., 227. *Ordinance may be valid in part only:* 21 Ency., 993; McQuiller on Mun. Or., sec. 295; 10 Current L., 894; 76 S. C., 44; 82 Pac., 526; 47 N. W., 208; 21 N. W., 856; 30 S. C., 93.

July 28, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted in the mayor's court of the city of Greenville on the charge of violating a city ordinance of October 5, 1909, relating to the traffic in intoxicating liquors. The sentence was that he pay a fine of twenty-five dollars or be imprisoned for thirty days. An appeal to the Circuit Court resulted in affirmance, and the defendant now appeals to this Court.

By his first exception the defendant relies on the same position taken in *Spartanburg* v. *Parris,* 85 S. C., 227, namely, that the mayor, having participated as a legislator in the making of the ordinances, was prohibited by the Constitution from acting in a judicial capacity in the trial of persons accused of violating them. In that case it was held that the constitutional requirement, with respect to the separateness of the three departments of government, refers clearly to the government of the State and to State officers, and not to the government of municipal corporations and the officers of such corporations.

The other position taken in support of the appeal is that the ordinance itself is void, because it is a mere amendment of an ordinance which, under the statute law of the State, the city council had no power to make. The ordinance begins in these words: "Be it ordained by the mayor and city council of the city of Greenville, in council assembled and by authority of the same, that section No. 3, of an ordinance ratified on the 2d day of May, 1905, be amended by striking out the words, 'or both fined and imprisoned, at the discretion of the mayor;' so that, when

amended, said ordinance shall read as follows." Then follows an ordinance complete in every particular, requiring no reference to any other ordinance, either for its interpretation or enforcement. Even if it be assumed that the ordinance of May, 1905, was void, the vice in it would not extend to the ordinance of October, 1909, for while it is true the latter ordinance purports to be an amendment of the former, it was not a mere amendment, but a complete law in itself.

But the ordinance of May 5, 1905, was not so contrary to the statute law of the State as to be void. It provided for punishment in these words: "Any person violating any of the provisions of this ordinance shall be fined not less than twenty, nor more than- fifty, dollars, or imprisoned thirty days, or both fined and imprisoned at the discretion of the mayor." Section 2004 of the Civil Code, construed in *Town of Union* v. *Hampton*, 83 S. C., 46, requires the sentence in the mayor's court to be in the alternative. Therefore, so much of the ordinance as purported to confer on the mayor power to impose a sentence of both fine and imprisonment was void. This, however, did not make void the entire ordinance, for after striking out that provision the ordinance remains complete in every respect, expressing the main purpose of the city council in respect to both the evil to be prevented and the penalties to be inflicted. *Utsey* v. *Hiott,* 30 S. C., 360, 9 S. E., 338; *State* v. *Johnson,* 76 S. C., 39, 56 S. E., 544; *Packet Co.* v. *Keokuk,* 95 U. S., 80, 24 L. Ed.., 377; *Shevlin-Carpenter Co.* v. *Minnesota,* U. S. Sup. Ct., May 31, 1910.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.