BEACH *v.* EUREKA TRACTION COMPANY.

Opinion delivered May 20, 1918.

1. APPEAL AND ERROR—DIRECTED VERDICT—PRESUMPTION.—In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence most favorable to the party against whom the verdict is directed.

2. CARRIERS—STREET CAR PASSENGERS—SAFE PLACE TO ALIGHT.— Under the rule requiring street car companies to exercise toward passengers the highest degree of skill and care which may reasonably be expected of prudent persons engaged in that business, they are required to furnish a passenger a safe place to alight.

3. CARRIERS—STREET CAR PASSENGERS—QUESTIONS FOR JURY.—In an action by a woman passenger against a street car company for injuries in alighting from an open car, from which passengers under the company's rules were allowed to alight from either side, where the testimony tended to prove that the car stopped at a place where the ground on one side was slanting, uneven and washed out and ranging from 25 to 33 inches below the running board of the car, and that in attempting to alight from that side she sustained a fractured ankle, *held* that whether she was guilty of contributory negligence in attempting to alight from that side of the car was for the jury.

Appeal from Carroll Circuit Court; *Jos. S. Maples,* Judge; reversed.

*Sam R. Chew,* for appellant.

1. It was error to direct a verdict. There was at least some evidence to establish an issue and the cause should have been submitted to a jury. 63 Ark. 94; 77 *Id.* 556; 70 *Id.* 74; 89 *Id.* 368; 90 *Id.* 210; 91 *Id.* 337; 93 *Id.* 191; 95 *Id.* 560; 96 *Id.* 394; 103 *Id.* 401; 71 *Id.* 445.

2. There was evidence of negligence. Appellee was a common carrier of passengers and it was its duty to exercise the highest degree of care for the passenger's safety, and provide a safe place to alight. 89 Ark. 222; 75 *Id.* 211

*C. A. Fuller,* for appellee.

1. The court properly directed a verdict. There was no negligence on the part of appellee's servants. The right side of the car was the safer to alight on but she chose the left side. 36 Ark. 377; 49 *Id.* 357.

2. She was guilty of contributory negligence. 96 *Id.* 394. Carriers are not insurers of the safety of their passengers. 75 *Id.* 211. There was no case for a jury. 57 Ark. 461.

HUMPHREYS, J.   Appellant instituted suit against appellee in the circuit court for the Western District of Carroll County, to recover damages for an injury received through the alleged negligence of appellee while alighting from its street car in Eureka Springs.   The allegation of negligence in the complaint insisted upon for recovery is the charge that appellee failed to furnish her a safe place to alight in this, that upon reaching her destination, appellee stopped its car at a point on the line of its railway where the ground was uneven and washed out until the step was too high for her left foot to reach the ground, so that in attempting to get off she fell and fractured her ankle.

Appellee made a specific denial of the allegation of negligence relied upon by appellant for recovery, and all other allegations of negligence complained of in the complaint, and, by way of additional defense, pleaded contributory negligence on the part of appellant for the alleged reason  that  she was familiar with  the ground where the car stopped, and in the exercise of ordinary care, should have observed and avoided the dangers incident to alighting.

The cause was tried upon the pleadings and evidence, and at the conclusion thereof a directed verdict was returned by the jury in favor of appellee.

An appeal has been properly prosecuted to this court.

The only question to be determined on appeal is whether the trial court erred in directing a verdict.  In testing the correctness of a directed verdict, this court has adopted the following rule:

"In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence most favorable to the party against whom the verdict is directed.

And where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury." *Jones* v. *Lewis,* 89 Ark. 368.

It is also well settled that the strongest probative force must be given the evidence of the losing party in construing on appeal the correctness of an instructed verdict. *Williams* v. *St. L. & S. F. Rd. Co.,* 103 Ark. 401.

The undisputed evidence in the case disclosed that appellant took passage on appellee's street car, on the 17th day of March, 1916, at 3 o'clock p. m., from Harding's Spring to Dunkinson's house; that the car was stopped by the motorman in front of Dunkinson's house for her to get out; that the car was an open summer car with a running foot-board on each side about ten inches below the floor, for passengers to step on and off the car; that hand-holds were attached to uprights on each side of the car between the seats; that the seats ran clear across the car; that passengers were permitted to get on and off on either side of the car; that the foot, or running board extended out over the ends of the ties; that the ground where the cars stopped sloped down from the track and down from the sidewalk; that the sidewalk on the left hand side was four or five feet from the track; that the surface water had cut a small gulley five inches deep about one foot from the end of the ties; that the ground on the right side was level and about eighteen inches below the running board; that on the left side the ground was sloping and ranging from 25 to 33 inches below the running board; that appellant got off the car on the left side and, in doing so, fell and sustained a compound fracture of her ankle.

With reference to leaving the car, Mrs. Beach testified, in substance, as follows: When the car stopped for her to get off, two women were sitting on the same seat to her right and that, on that account, she got off on the left side; that in getting off, she stepped on the running-board, took hold of a hand-hold and stepped down with her left foot until she thought it was far enough to

touch the ground, when she discovered that she must step about five inches further to reach the ground; that she judged she could step that much further and stepped down; that her clothing caught on the car; that although she tried, she could not pull herself back and could not hold longer with the hand-hold; that her clothing, which was holding her, tore and her left foot went on down in the ditch hole and she fell down and broke her ankle; that the hole was under the running-board and she could not, and did not, see it when she was standing on the running-board; that the ground in and around the hole was soft; that she may have said it was her fault (meaning she ought not to have ridden in the car); that she perhaps remarked she ought to have gotten out on the other side; that she had gone up there two or three times before on the car, but the car did not stop in exactly the same place on other occasions. Mrs. Beach denied that she told any one then or later that she was at fault and appellee's employees were not to blame.

Mrs. Beach was corroborated in many particulars by other witnesses, but in other respects, her evidence was in sharp conflict with a majority of the witnesses. For example, according to the other witnesses, she stepped off the car promptly when it stopped; she made no effort to pull herself back on the running-board; practically all other witnesses testified that there was no hole in the ground except the water course which was about five inches below the surface; and none of the witnesses observed that her clothes caught on the car or that they were torn. The motorman testified that she said it was her own fault and not his. The president of the company said she afterwards told him she was injured by her own fault and not through the fault of appellee's employees.

The evidence is voluminous, but the substance thereof, in so far as it relates to the issue for our determination, is about as set forth above.

This court has adopted the rule that: "A common carrier of passengers by street car is required to exercise the highest degree of skill and care which may rea-

sonably be expected of intelligent and prudent persons employed in that business, in view of the instrumentalities employed and the dangers naturally to be apprehended." *Little Rock Traction & Electric Co.* v. *Kimbro,* 75 Ark. 211; *Oliver* v. *Ft. Smith Light & Traction Co.,* 89 Ark. 222. Under this rule it was the duty of appellee to furnish appellant a safe place to alight. We think the evidence tends strongly to show that the ground on the left side of the car was an unsafe place for ladies to get out. The proof indicated that it was slanting, uneven and washed out until the distance from the running-board to the ground made it dangerous to alight. No effort was made by the motorman to prevent passengers from getting out from that side at that point. Under the rules of the company, passengers were permitted to get on or off on either side. Passengers had a right to presume that it was safe to get off and on either side, having had no notice to the contrary. Again, it can not be said as a matter of law, under the undisputed facts, that the danger was so apparent that a casual observer would necessarily detect the danger before alighting, or that the plaintiff was so familiar with the condition of the ground that it was contributory negligence on her part to alight at that particular place.

It can be said that appellant's evidence tended to prove the issue of negligence set forth in her complaint. We think there is ample evidence in the record, when viewed in its most favorable light, to have warranted a verdict in her favor, if returned by the jury under proper instructions.

For this reason, it was error to instruct the verdict against her.

The judgment is reversed and the cause remanded for a new trial.