## SCOTT *v.* ROBERSON.

### Opinion delivered October 18, 1920.

1. ANIMALS—PAYMENT OF POUND FEES UNDER PROTEST.—Where a city marshal agreed to receive a check in payment of fees for impounded hogs, and the owner wrote "paid under protest" on the check, the marshal had no right to refuse the check for that reason.

2. APPEAL AND ERROR—DIRECTION OF VERDICT.—Where a verdict was directed for defendant, the correctness of such action must be tested by viewing the testimony in the light most favorable to plaintiff.

3. MUNICIPAL CORPORATIONS — ORDINANCE — EXCESSIVE PENALTY.—A city ordinance is not invalidated by fixing a penalty for its violation in excess of that allowed by statute, since, under the statute (Kirby's Digest, § 5467), the penalty would be reduced to the amount authorized by law in such cases.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*Oscar Barnett,* for appellant.

The ordinance of the city as to the impounding of stock is invalid. Kirby's Digest, § 5451; Acts No. 265 of 1911 and No. 204 of 1915. The court erred in taking the case from the jury and in directing a verdict. Appellant demanded the hogs within twenty-four hours after he got notice, and he was entitled to get them without any charge. City Ordinance, § 264.

*Andrew I. Roland,* for appellee.

There is no merit in this appeal, as there is no controversy as to the evidence, and the court properly directed a verdict. No money was tendered to pay for the feed and care of the hogs, and the check as written was not a tender. 75 Ark. 341; 89 *Id.* 564.

SMITH, J. Appellant lived in the outskirts of the city of Malvern, and brought this action in replevin against the marshal of that city to recover the possession of certain hogs which had been impounded by the marshal. The municipal ordinance under which the marshal acted made it the duty of the marshal to impound any

animal found running at large in that city, and allowed therefor the following fees: For horses and mules, $1 each for the taking up, and 50 cents per day each for feeding and watering them, and "for each and every animal of whatsoever kind, twenty-five cents each for the taking up and twenty-five cents each for the feeding and watering, except sucklings, for each of which shall be ten cents for the taking up and five cents each day for the feeding and watering." Appellant claims that the ordinance is void as being in excess of the authority for its enactment, and that the marshal demanded fees in excess of those allowed by the ordinance. At the trial a verdict was directed for appellee, from which is this appeal.

Appellant testified that he met appellee, the marshal, and asked him to accompany him to the bank to get the money to pay the charges on the hogs. On the way they met a clerk of the bank, who told them the bank had closed, but the bank clerk gave him a blank check which he had in his pocket. Appellant and appellee went to the pound, where appellant identified his hogs, and appellant gave the check to appellee, who filled it out for the fees claimed by him. Appellant signed the check, and wrote under his signature, "Paid under protest," and when appellee saw that statement he became angry and, with profane language, refused to accept the check, and told appellant if he got the hogs he would have to get the money, as he would not accept the check. Appellant testified that he had funds in the bank on which the check was drawn, and that the check would have been paid on presentation, notwithstanding he had written, "Paid under protest," on the check.

Appellee testified that appellant contended that he should not be required to pay the expense of feeding his hogs, but finally asked what was due on the hogs, and they went to the city hall, where appellant gave him the check to fill out, and that appellant signed it but wrote "Paid under protest" on it, and, as he had never seen a check written that way, he declined to accept it, as he was

afraid it would not be paid, but he did not tell appellant that he refused to accept the check because of that fear.

In the case of *White* v. *Clarksville,* 75 Ark. 340, it was decided that the owner of impounded stock could not recover them without paying to the officer having their custody the expense incurred in taking care of them. It was, therefore, appellant's duty to have paid the proper charges against his hogs, and appellee had the right to demand that this payment be made in money. But appellant had the right to pay under protest, and appellee had no right to refuse payment because it was offered under protest. Appellee had agreed to accept a check in payment of the charges after the bank clerk had told appellant in his presence to give a check for the charges. He therefore had no right to refuse the payment because it was made under protest.

In view of the fact that the verdict was directed in this case, we must test the correctness of that action after viewing the testimony in the light most favorable to appellant, and as the jury might have drawn the inference that the check was refused, not because of the fear that it would not be paid, but, because the payment thus made was made under protest, the jury should have been allowed to pass on that question of fact.

In view of the fact that another trial is to be had, we take occasion to say that appellant's obejection to the validity of the ordinance is not tenable. This ordinance was passed under the authority of act No. 265 of the Acts of 1911 (Public Acts 1911, page 260). That statute authorized the cities and towns of the State to make a maximum charge of $1 per head for impounding animals. This act of 1911 was amended by act No. 204 of the Acts of 1915 (page 812), which reduced the maximum charge to 50 cents for each animal impounded. The ordinance under review fixed the fee for taking up hogs at 50 cents, but provided for a charge of a dollar each for horses and mules. But, as was said in the case of *Little Rock* v. *Reinman-Wolfort Co.,* 107 Ark. 184, ''If

this contention" (that the ordinance fixes penalties for its violation beyond the power of the city to prescribe) "be well founded, it does not render the ordinance invalid, since, under its terms, by a statute expressly authorizing it to be done the penalty would be reduced upon convictions for its violation to the amount prescribed by law in such cases. Sections 5466-7, Kirby's Digest; *Eureka Springs* v. *O'Neal,* 56 Ark. 352.''

For the error in directing the verdict, the judgment will be reversed and the cause remanded for a new trial.