WATTS *v.* SAFEWAY CAB & STORAGE COMPANY.

4-4488

Opinion delivered January 11, 1937.

414

*Ira D. Oglesby,* for appellants.
*Hardin & Barton,* for appellee.

HUMPHREYS, J. Separate suits were brought by all the appellants except Drivers-Owners Association against appellee in the Fort Smith District of Sebastian county to recover damages resulting to each of them, in a collision at the intersection of North B street and North Eighth street in said city between a Black & White taxicab and a Checkered taxicab through the alleged negligence of the driver of the Checkered cab which belonged to appellee. W. H. Watts sued for damages to the Black & White taxicab, and the other three for personal injuries received by each. Appellee filed answers to the complaints denying the material allegation of negligence contained in them, and pleaded contributory negligence in bar of the right of each of them to recover; and also filed a cross-complaint against Watts and the Drivers-Owners Association for damages to its Checkered taxicab alleging that the Black & White taxicab was owned by Watts, but operated by the Drivers-Owners Association, and alleged that the injury to its taxicab was caused by the negligence of the driver of the Black & White taxicab.

The material allegations of negligence in the cross-complaint were denied by Watts and the Drivers-Owners Association in their answer to the cross-complaint.

After the issues were joined on the four complaints and the answers thereto, and upon the cross-complaint and answer thereto, the cases were consolidated for the purposes of trial and were submitted upon the pleadings, testimony adduced and instructions of the court,

resulting in a verdict against each of the appellants; and for appellee against Watts and the Drivers-Owners Association for $125, from which is this appeal.

The record reflects that early on the morning of January 26, 1936, when there was practically no traffic moving on the streets of Fort Smith, the Checkered taxicab was called to Moffit, a town in Oklahoma near the west end of the bridge, where a walkathon was being operated, to take Marie Graham to her home at Number 412, North Eighth street in Fort Smith. Floyd Castling, who was driving the Checkered taxicab, left the walkathon with her and two other passengers, Pat Gallaher and George Fimpel, at 5:30 a. m., crossed the bridge and drove east on Garrison Avenue and turned to the north on Eighth street and on to the intersection of North Eighth street and North B street, at which point the taxicab collided with a Black & White taxicab, being driven by George Flippin, which was moving east on North B street. The front end of the Black & White taxicab struck the Checkered taxicab just behind the back door. Both taxicabs were badly damaged. There is a conflict in the testimony as to the speed each taxicab was traveling, some witnesses testifying that each was traveling very rapidly or, perhaps, speeding and others that each was traveling at a low rate of speed. The testimony is also conflicting as to whether the Checkered taxicab stopped at the stop signal on North Eighth street or proceeded on its way at a high rate of speed without taking notice of the stop signal. The testimony is also conflicting as to which taxicab first reached the center of said street at the intersection. There is also a conflict in the testimony as to whether some of the passengers in the Checkered taxicab cautioned the driver to slow down and discontinue driving at a high rate of speed. There is testimony to the effect that some of the passengers saw the lights from the Black & White taxicab flashing across Eighth street and did not call the attention of the driver to the danger of a collision. There is no dispute in the testimony as to the extent of the damage done each taxicab. Both were badly damaged. W. H. Watts testified that he was the owner of the Black

& White taxicab, having purchased same from or through the help of the Drivers-Owners Association, and was using it to carry passengers in the city of Fort Smith and that he employed the driver who was operating the taxicab at the time of the collision. The undisputed evidence reflects that the Drivers-Owners Association bought the license of this particular taxicab as well as all other taxicabs in its service; that all these taxicabs were called "Black & White" and bore numbers; that it maintains an office, a telephone system, takes orders for passengers, and directs the traffic for all Black & White taxicabs; that after the collision, they took charge of the damaged Black & White taxicab, paid the repair bill and traded it for another taxicab.

Appellant contends that the trial court erred in refusing to give W. H. Watts' requested instruction number 2 which is as follows: "In the case of W. H. Watts against the defendant, Safeway Cab & Storage Company, the said defendant pleads contributory negligence on the part of said plaintiff. You are instructed that contributory negligence is not a defense in this case, and should not be considered by you."

The following rule is announced in 45 C. J., pages 1025-6, § 578: "It is a universal rule that negligence of a servant acting as such within the scope of his employment which concurs with the negligence of a third person and contributes to cause injury to his master is imputed to the master."

There is no dispute in the evidence that the driver was employed by W. H. Watts and was acting within the scope of his employment at the time of the collision. Under this rule the instruction was properly refused.

It is also contended that the trial court erred in refusing to give instruction No. 3 requested by Marie Graham and George Fimpel which is as follows: "In the cases of Marie Graham and George Fimpel against the defendant, Safeway Cab & Storage Company, the said defendant pleads contributory negligence on the part of said plaintiffs. You are instructed that contributory negligence of said plaintiffs is not a defense in these cases and should not be considered by you."

This statement appears in 5 Blashfield Cyc. on Automobile Law for the year 1934, page 944:

"When a passenger engages a taxicab for hire the driver is within reasonable limits subject to his instruction and the duty devolves on the passenger discovering that the driver is operating in a careless manner to remonstrate and demand more care in operation."

Further on in the same work, page 949, appears the following statements:

"In some jurisdictions, however, the rule is that while it is the primary duty of the driver of a taxicab to care for the safety of his passengers and a passenger is under no duty save in exceptional cases to be on the lookout for dangers that may be encountered, yet circumstances may arise which will impose such a duty on the passenger to make his conduct that of a reasonably prudent person; and, under such rule, while mere speed at which a taxicab is driven is not a matter with which a passenger need ordinarily concern himself, yet, if the taxicab is driven at a speed dangerous under all circumstances or dangerous under the particular circumstances and the passenger has an opportunity to protest against the speed, his failure to do so will prevent his recovery for an injury resulting from the excessive speed."

We do not think it sound to say as a matter of law in all cases that passengers are not required to caution their driver of impending dangers. As to whether any duty rests upon them to do so is properly a question for the jury under the existing circumstances and conditions in any particular case. *Beach* v. *Eureka Traction Co.*, 135 Ark. 542, 203 S. W. 834; *Yazoo & M. V. R. Co.* v. *Hill*, 141 Ark. 378, 216 S. W. 1054; *Missouri Pac. Rd. Co.* v. *Kennedy*, 153 Ark. 77, 239 S. W. 376, 35 A. L. R. 753.

In the instant case there was testimony, to the effect that the driver of the Checkered taxicab was driving east on Garrison Avenue at the rate of forty to forty-five miles per hour and in turning the taxicab from Garrison Avenue into North Eighth street the driver came near running into another taxicab and, as

he proceeded north on Eighth street at the same rate of speed, lights from the Black & White taxicab flashed across Eighth street, which was seen by the passengers. It is a disputed question of fact as to whether they cautioned the driver. These facts bring the case within the rule and become a question for the jury to decide whether the passengers were guilty of contributory negligence under all the circumstances in failing to caution the driver. The court correctly refused to give the requested instruction.

It is also contended that the court erred in refusing to give requested instruction No. 6 which is as follows: "You are instructed that, if you find from the evidence that the Safeway Cab & Storage Company's driver, Floyd Castling, was guilty of negligence in any degree, as alleged in the complaints of Marie Graham, George Flippin, George Fimpel and W. H. Watts, and said negligence was the proximate cause of their injuries and damage, if any, then your verdict should be against the Safeway Cab & Storage Company, and in favor of said plaintiffs."

The court refused to give this instruction in that form but gave it by adding to it the following words: "Unless you find the plaintiff or plaintiffs guilty of contributory negligence."

Under the rule announced above the court correctly refused to give the instruction in the form requested and erred in giving it as amended.

A number of other instructions requested by appellants were refused by the court. Some of the instructions given by the court were assailed as incorrect by the appellants. We have read all the instructions given and refused, and have concluded that those given fully covered the issues involved in the case.

It is also contended that the court erred in refusing to give a peremptory instruction in favor of Drivers-Owners Association. We think the testimony set out above was ample to take to the jury the question of the ownership of the Black & White taxicab by Drivers-

Owners Association, and that the court did not err in submitting that issue to the jury.

No error appearing, the judgments are affirmed.