ADAMS *v.* BROWNING.

4-5027

Opinion delivered April 11, 1938.

*Edmond T. Norfleet, L. A. Hardin* and *Marvin B. Norfleet,* for appellant.

*Isgrig & Robinson,* for appellees.

MEHAFFY, J. The appellant, Laura Adams, administratrix of the estate of Richard Franklin, deceased, brought this suit in the St. Francis circuit court against the appellees, Mrs. C. L. Browning and C. L. Browning, for damages for the alleged negligent killing of Richard Franklin. She alleged that about March 1, 1937, the deceased, Richard Franklin, was traveling south crossing the Roosevelt highway at a place about 150 feet east of where the street car track crosses Roosevelt Road; that Franklin was about two-thirds across the road when he was struck and hit from the back with great force and violence by the automobile which was being driven by Mrs. C. L. Browning; Mrs. Browning was traveling east when she struck and fatally injured Franklin. It is alleged that she was driving negligently and carelessly and at a terrific rate of speed without keeping a proper lookout; that she was going about 70 miles an hour; she did not sound any alarm or give any signal of her approach; that at the place where Franklin was walking is constantly used by people walking across there; and that Mrs. Browning was negligent in driving without having her automobile under control at a place where the people were using said road; that the highway is straight for a long distance and she could, by the exercise of ordinary care, have avoided hitting Franklin with the automobile. Franklin was 39 years old, in good health and earning $3 a day; that he left surviving him Laura Adams, his mother, aged 60, and one sister, Frankie King Franklin, 14 years old; that prior to Franklin's death he contributed to them and would have continued to support them; she prays for damages in the sum of $15,000.

C. L. Browning filed answer denying all the material allegations of the complaint. Mrs. C. L. Browning filed motion to quash summons and service. The motion to quash service was overruled, and Mrs. C. L. Browning filed answer without waiving her motion to quash. She denied each material allegation in the appellant's complaint. The cause was tried before a jury on the evidence introduced by appellant alone. At the close of appellant's testimony, the appellee requested, and the court gave to the jury, an instruction to find for the appellees.

The jury returned a verdict as instructed and judgment was entered accordingly. To reverse said judgment this appeal is prosecuted.

The evidence showed that Laura Adams was the duly appointed administratrix of the estate of Richard Franklin, deceased; that the deceased worked for the Weinman Milling Company for 17 years, and out of his salary gave to appellant $32 a month, paid her house rent, bought groceries and books for her grand-daughter; deceased was not drinking, he was not married; he had married when he was young and his wife was drowned about 18 years ago; Laura Adams lived in the west part of Little Rock, and 21st and McAlmont is in the east part of town.

Several witnesses testified that the automobile was going very fast when it hit deceased; that deceased was going the same direction as the automobile and with his back to it; he was going diagonally across Roosevelt Road, and the automobile, going at a very rapid rate of speed, without giving any alarm, ran over and killed Franklin. Immediately before he was struck, he turned and saw the automobile, threw up his hands and at the same time the car struck him.

John Payne, a witness, testified that he was familiar with the road and with the Biddle shops, and introduced a diagram and pointed out where the road was that Franklin was on and said that they all traveled it across there; that it was a pathway; the road across the Roosevelt Road goes at an angle, northwest and southeast, diagonally across to Biddle shops; Roosevelt road is straight, and with a slight incline toward the east; you can see three-quarters of a mile; the street car line serves thickly settled neighborhoods, and there are a lot of people living south of the Biddle shops; the road being traveled by Franklin had been there in use for about 15 or 16 years.

Numbers of witnesses testified, but it is not necessary to set out the evidence in full. It shows that the automobile was going very rapidly and that Franklin was going in the same direction with his back to the

automobile, and apparently did not know it was approaching until about the time it struck him.

Under our system of jurisprudence, it is the province of the jury to pass upon the facts. It is not only their privilege but their right to judge of the sufficiency of the evidence. The credibility of the witnesses, the weight of their testimony, and its tendency, are matters peculiarly within the province of the jury. If there is any substantial evidence it is the duty of the court to submit the matter to the jury. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. 2d 689.

"In testing the correctness of the verdict which was directed to be returned in favor of the appellee, we must give the testimony its strongest probative force in favor of the appellant in determining whether or not there was any negligence shown by the evidence. If there was any substantial evidence tending to show negligence on the part of the appellee resulting in injury to appellant, it would be the duty of the trial court to submit the question of negligence to the jury. It is the province of the jury to pass upon the credibility of witnesses and the weight to be given to their testimony." *Mosley* v. *Raines,* 183 Ark. 569, 37 S. W. 2d 78; *McLeod* v. *Des Arc Oil Mill Co.,* 131 Ark. 594, 199 S. W. 932; *So. Gro. Co.* v. *Bush,* 131 Ark. 153, 198 S. W. 136; *Vaughan* v. *Hinkle,* 131 Ark. 197, 198 S. W. 705; *Bennett* v. *Buckeye Cotton Oil Co.,* 132 Ark. 381, 200 S. W. 993; *Beach* v. *Eureka Traction Co.,* 135 Ark. 542, 203 S. W. 834; *Kirby* v. *Wooten,* 132 Ark. 441, 201 S. W. 115; *Scott* v. *Robertson,* 145 Ark. 408, 224 S. W. 746; *Brotherhood of R. R. Trainmen* v. *Merideth,* 146 Ark. 140, 225 S. W. 337; *Ark. Mining Co.* v. *Eaton,* 172 Ark. 323, 288 S. W. 399; *Ark. Baking Co.* v. *Wyman,* 185 Ark. 310, 47 S. W. 2d 45; *Union Securities Company* v. *Taylor,* 185 Ark. 737, 48 S. W. 2d 1100.

Appellees, on the question of discovered peril, call attention to the case of *Sylvester* v. *U-Drive-Em System,* 192 Ark. 75, 90 S. W. 2d 232. The facts in that case are wholly different from the facts in this case, but the court said there: "The discovered peril doctrine, or the doctrine of last clear chance, as it is sometimes called,

1044

constitutes an exception to the rule that the contributory negligence of the plaintiff is a bar to his action. Under this doctrine, where one discovers the perilous situation of another, in time, by the exercise of ordinary care, to prevent injury to him, it is his duty to do so, which is regarded in law as the proximate cause of the injury, and this, too, regardless of the contributory negligence of the injured person. Such a person is regarded in law as having the last clear chance to prevent injury or death to another, and it is his duty to do so.''

As to whether Mrs. Browning was the agent of her husband is, of course, a question of fact. The evidence shows that the husband had called his wife to come after him, and we do not think that the court could say, as a matter of law, that there was no substantial evidence to show that she was the agent of her husband. Of course the appellant would have to prove, in order to get a judgment against her husband, that she was acting as his agent. But if the husband called her, directed her to do a certain thing, in the doing of that she would be acting for him.

Our conclusion is that the court erred in directing a verdict for the appellees, and the judgment is reversed, and the cause remanded for a new trial.