[File No. Cr. 182]

IN THE MATTER OF THE APPLICATION OF CLARENCE
.KIST FOR A WRIT OF HABEAS CORPUS, Petitioner, v. O.
K. BUTTS as Sheriff in and for Stutsman County, North Dakota,
Respondent.

(1 NW(2d) 612, 138 ALR 1206)

Opinion filed January 2, 1942

*M. C. Fredricks,* for petitioner.
*Russell D. Chase,* for respondent.

Burke, J. Petition for a writ of habeas corpus. A hearing was had upon our order to show cause why the petition should not be granted. The petitioner was found guilty in police magistrate's court of violating an ordinance of the city of Jamestown. Sentence was pronounced committing him to the county jail of Stutsman county for a period of sixty days and imposing a fine and costs in the sum of $29.50. The judgment also contained a provision that if the fine and costs were not paid the applicant should serve additional time receiving credit upon the fine and costs at the rate of $1.25 a day.

Two principal challenges to the court's jurisdiction are made. 1. That a prosecution for a violation of a city ordinance is a civil action which can only be commenced by the issuance and service of a summons; that no summons was issued in this case and the court was therefore without jurisdiction to try the action or pronounce judgment therein. 2. That the city ordinance under which applicant was charged makes provision for a penalty in excess of that permitted by state statute and that such penalty clause is therefore entirely void.

Petitioner's first contention depends upon a construction of § 3604, Compiled Laws of 1913. In so far as it is applicable this statute is as follows: "In all actions for the violation of any ordinance the first process shall be a summons; provided, that a warrant for the arrest of the offender may issue in the first instance upon the sworn complaint of any person that any such ordinance has been violated and that the person making the complaint has reasonable grounds to believe the person charged is guilty thereof." Petitioner would have us construe this statute to mean that in every instance an action for the violation of an ordinance must be commenced by the issuance of a summons and that in a proper case a warrant might also be issued at the time of the issuance of the summons. In order to assist us in arriving at a proper construction of this section we have examined the original enactment which is § 4 of Article IV of chapter 73 of the Laws of 1887. As originally enacted this statute read: "In all actions for the violation of any ordinance, the first process shall be a summons; *Provided, however,* That a warrant for the arrest of the offender may issue in the first instance upon the affidavit of any person that any such ordinance

has been violated: and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof."

The word *however* appearing in the original statute was omitted in the 1895 Code and the subsequent compilations of our statutes. The fact that it was used in the original is significant. However "indicates an alternative intention, a contrast with the previous clause and a modification of it under other circumstances." Lewis's Appeal, 18 Pa 318, 319. As originally written we think the statute is perfectly clear and that it provides for alternative methods of commencing actions for the violation ordinances.

Section 3604, supra, has equal authority with § 7420, Compiled Laws of 1913, which requires that civil actions be commenced by the service of a summons and being a special statute it prevails over the general statute. 59 CJ 1056. Here no summons was issued but the action was comemnced by the issuance of a warrant. That is sufficient under the law.

We turn then to applicant's contention that the penalty clause of the ordinance under which he was charged is excessive and therefore void. Applicant concedes that the sentence he received is not excessive, but he says the penalty clause of the ordinance would permit an excessive sentence, and that therefore no valid sentence may be pronounced under it. We doubt if the ordinance in question does authorize an excessive penalty. It is however unnecessary for us to examine that question. An ordinance which authorizes a penalty in excess of that permitted by statute is not void and a sentence pronounced under such an ordinance may be enforced to the extent that it is within the statutory limitation. 43 CJ 254; 37 Am Jur 787, Municipal Corporations; Scott v. Roberson, 145 Ark 408, 224 SW 746; Little Rock v. Reinman-Wolfort Auto Livery Co. 107 Ark 174, 155 SW 105 (affirmed in 237 US 171, 59 L ed 900, 35 S Ct 511); Eureka Springs v. O'Neal, 56 Ark 350, 19 SW 969; Greenfield v. Mook, 12 Ill App 281; Keokuk v. Dressell, 47 Iowa 597; Norwood v. Wiseman, 141 Md 696, 119 A 688; Tooele City v. Hoffman, 42 Utah 596, 134 P 588; Sconyers v. Coffee Springs, 230 Ala 12, 160 So 552; Cartersville v. McGinnis, 142 Ga 71, 82 SE 487, Ann Cas 1915D 1067; Continental Oil Co. v. Santa

Fe, 36 NM 343, 15 P(2d) 667; Greenville v. Pridmore, 86 SC 442, 68 SE 636, 138 Am St Rep 1058.

At the hearing, petitioner's counsel argued certain grounds other than those set forth in the petition as a basis for the issuance of the writ. We have not considered the questions raised in this manner. The statute is clear (Comp. Laws 1913, § 11,361). All the grounds upon which petitioner relies must be set forth in his petition.

Writ denied.

Burr, Ch. J., and Morris, Christianson, and Nuessle, JJ., concur.