RAPID CITY, Appellant v. HESSMAN, Respondent

(149 N.W.2d 763)

(File No. 10316. Opinion filed April 4, 1967)

**Thomas P. Ranney,** City Atty., Rapid City, for plaintiff and appellant.

BIEGELMEIER, Judge (on reassignment).

From the meagre record in this case we gather that on July 28, 1965, defendant was arrested for, and a complaint was filed in the Municipal Court of Rapid City charging him with, operating a motor vehicle while under the influence of alcoholic liquor in violation of a city ordinance. On the same day he appeared in court by counsel, entered a plea of not guilty, requested a jury trial and posted the required bond. On December 17, 1965, the court heard and granted defendant's motion to dismiss the complaint. The record shows only the written motion without an affidavit or other supporting evidence. Reasons stated for dismissal of the complaint were the court had no jurisdiction over defendant as the offense was not committed in the presence of the officer and the arrest was made without a warrant.

In criminal cases, an arrest, upon a warrant or without warrant, is the usual means of bringing defendants before the court, and the alternative method of summons in minor cases was

said in 1934 to be comparatively new. See Commonwealth v. Gorman, 288 Mass. 294, 192 N.E. 618, 96 A.L.R. 977, and Kist v. Butts, 71 N.D. 436, 1 N.W.2d 612, 138 A.L.R. 1206. Our legislature has expressly authorized the issuance of a summons in connection with some arrests. SDC 44.0502. The purpose of a warrant or summons is to bring a defendant into court. Harris v. Municipal Court, 123 Colo. 539, 234 P.2d 1055; Ringer v. Municipal Court, 175 Cal.App.2d 786, 346 P.2d 881; McGilvery v. State, 50 Okl.Cr. 376, 298 P. 312. The courts generally hold where a defendant is arrested without a warrant being issued, but is present in court in the custody of an officer, enters a plea of not guilty and remains in court throughout the trial the court has jurisdiction of the defendant. State v. Melvern, 32 Wash. 7, 72 P. 489. The court there said:

"The court might have caused a warrant to be issued for the arrest of appellant at the time of the trial, but that was unnecessary, because he was already in court". Acc: Nelson v. State, 115 Neb. 26, 211 N.W. 175, and note 96 A.L.R. 982.

City of Roswell v. Leonard, 73 N.M. 186, 386 P.2d 707, presented the question of jurisdiction of the court on the grounds of an illegal arrest, which was challenged as made without a warrant by an officer who did not see the commission of the offense. Defendant with the aid of counsel entered a plea of not guilty to the charge of driving a motor vehicle while under the influence of intoxicating liquor. Upon trial he was convicted. The court concluded defendant's submission to jurisdiction of his person by entry of a plea of not guilty and proceeding to trial was an effective waiver of any claim of illegality as to his arrest.

■ ■ Defendant's entry of a plea of not guilty was a waiver of a warrant of arrest or other process necessary to bring him within the jurisdiction of the court. It is not necessary to proceed to trial to effectuate the waiver. Such was the situation in Ringer v. Municipal Court, supra, where defendant was arrested, placed in jail and then released on bail. Thereafter a complaint was filed, but no warrant of arrest issued. He appeared in court, entered a plea of not guilty and demanded a jury trial as did

defendant here. He then objected to the jurisdiction of the court on the ground he had not been lawfully arrested. The court held the trial court had jurisdiction of the subject matter and acquired jurisdiction of the person despite no compliance with section 1427 of the Penal Code as to warrants of arrest, citing a "multitude" of cases in support. The recent opinion of Wisconsin Supreme Court in Galloway v. State, 32 Wis.2d 414, 145 N.W.2d 761, followed earlier cited cases holding defects in issuance of a warrant goes to jurisdiction over the person and is waived if not raised before pleading to the information. Our own decisions are in accord for in City of Lead v. Klatt, 13 S.D. 140, 82 N.W. 391, a prosecution for violation of a city ordinance, the court wrote: "(w)hether we treat the action as a civil or criminal action, the motion to quash came too late, the same being made after the defendant had pleaded generally to the complaint".

Defendant filed no brief and in reaching our conclusion we have extended our research beyond appellant's citations. We believe State v. McKinnon, 273 Minn. 210, 140 N.W.2d 608, is not contrary authority. While the court concluded defendant had raised the jurisdictional question at his first opportunity in the court where the trial was de novo and proceedings were had as if originally commenced there, it shortly thereafter held the legality of arrest must be raised prior to entering the plea. See State v. Porter, 274 Minn. 419, 144 N.W.2d 260; State ex rel. Duhn v. Tahash, Minn., 147 N.W.2d 382. The authorities cited sustain the jurisdiction of the municipal court by reason of entry of the plea. The record further compels that result for it appears: defendant furnished bond and was released thereon which in State v. Miller, 87 Kan. 454, 124 P. 361, was said to be a waiver of any defect in the warrant. The court wrote: "The defendant was discharged from the custody, and the warrant * * * became from that time of no force or effect".

The court having jurisdiction, the order dismissing the complaint was erroneous and there being no basis for that part of the order suppressing "all evidence" obtained by the arrest, it is reversed.

All the Judges concur.